[No. 12133.    Department One. — September 21, 1889.]

ROBERT B. TAPPAN, RESPONDENT, *v.* ALBANY BREWING COMPANY, APPELLANT.

CONTRACT WITH PURCHASER AT PARTITION SALE — INVALIDITY — CONCEALMENT OF MATERIAL FACT — PUBLIC POLICY. — A contract between the purchaser at a partition sale and one of the parties to the partition suit, who was about to contest the confirmation of the sale for inadequacy of the price bid, to the effect that said party, in consideration of a specified sum to be paid in addition for her interest in the property, would refrain from contesting said confirmation, is a contract for the concealment of a material fact from the court and the other parties to the partition suit, which it was the duty of the contracting party to make known, and is void as against public policy, and neither party should receive the aid of the courts to enforce it.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*N. D. Anderson,* for Appellant.

*Thomas H. Smith,* for Respondent.

WORKS, J. — The complaint in this case alleges, in substance, that an action for partition of certain real

estate having been brought, judgment was rendered, decree for the sale of the property entered, and the property sold to the defendant; that the property was sold for much less than its real value; that the plaintiff's assignor, who was one of the defendants, and a tenant in common of the real estate, being dissatisfied with the price at which the property was sold, was about to commence proceedings to prevent the confirmation of the sale by the court; that the defendants, to induce her not to make such objections, agreed to pay her one thousand dollars additional for her interest in the property immediately upon the sale being confirmed, and that she, relying upon such promise, and in consideration thereof, refrained from making objections to the confirmation of said sale, and that no objection being made, the sale was duly confirmed.

The defendant paid one hundred dollars of the amount, and this action is to recover the balance of nine hundred dollars.

The court below overruled a demurrer to the complaint, and the defendant failing to answer, judgment was entered against it, and it appeals.

The demurrer should have been sustained. The contract was a fraud, not only upon the court, whose duty it was to pass upon and confirm or set aside the sale, but upon the parties in the action of partition. It was the plain duty of the plaintiff's assignor, if she knew of any valid reason why the sale should have been set aside or not confirmed, to make it known to the court and her co-defendants.

It is contended by the respondent that this was nothing more than the payment of a sum of money by way of a compromise of litigation, and that such contracts have been upheld. We do not so construe the agreement. It was a promise to pay a consideration for the concealment of a fact from the court and the parties material to the rights of said parties, and which it was her duty

to make known. Such a contract was against public policy, and neither party should receive the aid of the courts to enforce it. (*Beard* v. *Beard*, 65 Cal. 356.)

The judgment is reversed, with instructions to the court below to sustain the demurrer to the complaint.

Fox, J., and PATERSON, J., concurred.