Richmond, P. J.
By the complaint in this case it is alleged, that on or about the 1st of August, 1888, the defendant, Agnes Dameron, entered into an agreement with the plaintiff, Charles A. Dingee, in consideration of money advanced by plaintiff to defendant for traveling expenses and for money expended in maintaining and supporting her for several months, and for the further consideration that plaintiff would defray all expenses incident to the securing and cancellation of a certain homestead entry of one Bernard Lafler,for the W. ½ of the S. W. ¼ and the S. W. ¼ of the N. W. ¼ of sec. 28, Tp. 8, S., R. 64 W., a part of the public domain of the United States, the defendant would allow the plaintiff to institute and prosecute, in her name, the necessary proceedings before the United States Land Office for the cancellation of the homestead entry of said Bernard Laffer, and that, upon the cancellation of said homestead entry, the defendant would waive all right to make entry for the aforesaid land, which right would accrue by virtue of these proceedings, and would allow the plaintiff to make entry of said land in his own name.
That in compliance with the agreement' plaintiff retained an attorney to institute proceedings in the name of the defendant ; that plaintiff paid all expenses in connection with the prosecution of the proceedings and secured the cancellation of the homestead entry on the 24th day of May, 1890 ; that in pursuance of the agreement plaintiff, relying on the promise of defendant to waive her right to make entry on said land, caused to be erected a dwelling-house on the same and' removed thereto with his family, and has since resided there and does now reside there; that he has caused valuable improvements to be made, amounting in value to about *438 $600. That he has carried out all of his part of the agreement, hut that the defendant, disregarding her agreement, has refused and still refuses to execute a release of her right to enter said land, although demand has been made upon her repeatedly so to do, and that, for the purpose of defrauding plaintiff and depriving him of his right to enter said land, defendant did on the 24th day of May, 1890, make and file a homestead entry on the same in her own name, thus unlawfully depriving the plaintiff of the right to make entry and secure title- under the settlement laws of the United States.
It is further alleged that the defendant has no property and is insolvent. Plaintiff prays judgment that the defendant execute and deliver to plaintiff - a relinquishment of the homestead entry, and that defendant be enjoined from entering upon the land and in any manner interfering with the possession of.the plaintiff of said land, and for costs.
The return of summons in this case shows personal service, July 25th, 1890. Default entered August 22, 1890.
The final judgment is in words and figures as follows:—
“ It is hereby ordered, adjudged and decreed that the defendant execute, in due and proper form as required by law, and deliver forthwith to plaintiff a relinquishment of homestead entry No. 15510, for the W. 1 S. W. I and S. W. ¶ N. W. | of section 28, Tp. 8, S., R. 64 W., which said entry was made at the United States Land Office in Denver, Colo., on May 24, 1890, and that the defendant is hereby enjoined from entering upon said land and in any manner interfering with the possession of the plaintiff of this said land, except by due'process of law, and that plaintiff recover from defendant all costs by him-incurred in this cause.”
A copy of this order and decree was served upon the defendant.- Thereafter a petition was filed by plaintiff alleging violation of the same in this, that the defendant entered upon the land in said order mentioned on April 25, 1891, and erected a house thereon and was, at the date of said order, continuing to reside thereon, and, upon information *439 and belief, that the defendant had failed to execute in due and proper form as required by law, and to deliver, to plaintiff the relinquishment in said order mentioned.
Defendant was required to show cause, and by her return responded, that within one or two days after the service of the original summons and complaint upon her in this action, she called upon one Robert E. Ratcliffe, a person whom defendant believed was peculiarly competent to advise her, and consulted him as to what action she should take, and that he advised her that she need take no notice of it and need not appear in the action, but that if she felt alarmed he would prepare an answer and appear for her. And thereafter and before the taking of a default in said action, she paid Ratcliffe the fee demanded for his proposed services and supposed that he had made all needful and proper defense to said action, and heard nothing more of it until the service upon her of the order of injunction in this cause. That upon said service she again consulted her counsel and was advised by him to pay no attention to the order. She further says that at the date of said service upon her of said order and decree she was living upon and in the possession of the tract of land described in plaintiff’s complaint, occupying the same as a homestead and claiming the right to the exclusive possession of the whole thereof; that shortly thereafter the house in which she was living was destroyed by fire, and being unable to rebuild the. same she temporarily left the land with the intention of returning to the same as soon as she could rebuild; that at about the time mentioned in plaintiff’s petition ■ for an attachment in this cause, acting upon the advice of her counsel that she might lawfully enter upon said land and rebuild her house, did so and has since continued to occupy the same. She admits that she has not executed the relinquishment as directed by the order of the court, and denies any intention of contempt or disobedience of the court, or of any purpose to destroy or impair its authority.
Upon hearing, the court found the defendant guilty of con *440 tempt'in that she-had failed, neglected and refused to exe? cute and.deliver to plaintiff a relinquishment of her homestead entry as required by the order of September 25, 1890, and sentenced' her to imprisonment in the county jail of Arapahoe county for a period of thirty days. On June 29,. 1891, this order was modified on motion of plaintiff so as to sentence defendant to imprisonment until relinquishment is executed and delivered.
It is contended on the part of plaintiff .that this alleged agreement between plaintiff and defendant was one that it wus within the power of the court to decree specific performanee of. But. while attempting to fortify this contention by reason and authority, it is distinctly admitted that the relinquishment if executed would have to be executed to the •United States, and that thereby the land would again become a part of -the public domain and open to entry by any duly qualified person. ■ '
■ It can be admitted that the right of entry under the laws of' the United States, by one who has initiated a contest and successfully prosecuted such contest, is a personal right which he may waive, or voluntarily relinquish, but that is not this case. Here the contest was initiated and successfully prosecuted, but thereafter the defendant made, entry as the law directed or permitted, and in pursuance of her right as a sue? cessful contestant. This proceeding is instituted not for the purpose of compelling her to relinquish to the governmént of the United States, but to the plaintiff, the right thus acquired.
We are strongly inclined to the opinion that it is without the jurisdiction of the courts, either state or national, to decree a specific performance of such a contract, and if it were not so, it certainly is without the power and jurisdiction of a court to direct a relinquishment of a right to enter government land and direct its delivery to the plaintiff who seeks to obtain possession and title of the same. And we think the authorities cited by defendant in error clearly support -this position. ■
*441 In Welsh v. Duncan et al., vol. 7, L. D., p. 186, it is said * * * “ The law does not confer on the successful contestant'a right to control such land for thirty days after notice,, nor the right during such period to select a particular party and by waiver of his preference right at an opportune moment confer on such party the benefits conferred by law on the successful contestant. Such a doctrine is not sanctioned by law or by sound public policy. The right conferred on a successful contestant by section 2, act of May 14, 1880, is a personal right which cannot be transferred to another.”
The doctrine above announced is followed by the case of Kellem v. Ludlow, vol. 10, L. D., p. 561, wherein it is said that “ The right conferred on a successful contestant by section two, act of May 14,1880, is a personal right, which can-* not be transferred to another.”'
The act referred to reads as follows :—Section 1. “ That when a pre-emption, homestead, or timber-culture claimant shall file a written relinquishment of his claim in the local land-office, the land covered by such claim shall be held open' to settlement and entry without further action on the part of the commissioner of the general land-office.”
Section 2. “ In all cases where any person has contested, paid the land-office fees, and procured the cancellation of any pre-emption, homestead, or timber-culture entry, he shall be notified by the register of the land-office of the district in which such land is situated of such cancellation, and shall be allowed thirty days from date of such notice to enter said lands” * * *
In the case of Bowman v. Riddle, vol. 1, Copp’s Public Land Laws, p. 204, it is held that: “ Interpleading, or the substitution of an intermediate contestant in the place of the original complainant in a contested case, cannot be allowed.” In this case the department determined that “ on the withdrawal of the original contestant, that particular case is practically closed, and no right or privilege that had accrued to him at that date by virtue of his compliance with the preliminary requirements of the suit can be transferred to another *442 party, ivho must commence anew from the beginning and go over the same preliminary grounds again.”
It will be observed that the court by its decree has eliminated from our consideration in this case any question of contempt, so far as the act of the defendant is concerned, in entering upon the land and re-erecting a house thereupon, and has confined by its decree and order the act of contempt to the declination of defendant to make and execute a relinquishment and deliver the same to the plaintiff. In the light of the decisions of the land-office department we are well satisfied that such a relinquishment so obtained by the direct decree of the court would not be recognized by the government. It - does not come within the rule of any case cited by defendant in error. Here we have a statute conferring upon an individual who prosecutes a successful contest the right to enter the land involved. It is declared by all the authorities that this right so acquired is simply a personal right, a preference right, .if we may so term it, which that individual and that individual only can utilize. He has no right of transfer. He is not compelled to waive it, and until he does voluntarily waive it it would seem from the above decision that there is no power in any of the courts to compel him to waive or relinquish if. It is true that as it appears from the complaint the plaintiff relied upon the agreement, but it is equally true that he should have taken cognizance of the statute at the time of entering into the agreement and should have informed himself as to the proper mode and method of procedure whereby he could have acquired the title- to the- land in question. The right so conferred by statute is a right to enter upon and acquire a title to the public domain, a right which, if the party after successfully contesting does not exercise within thirty days, he waives. A personal right he can legally relinquish to the government and to the government only. This being true, how can it be said that a court, valiere the government is not a party to the proceeding, where the party in whose interests a relinquishment should operate is not instituting the pro *443 ceedings, acquires jurisdiction to compel a performance of an act that in no sense could be made to operate to the benefit of the party seeking a decree ?
Let us reason a little concerning this matter. This is a special statute conferring a special privilege, which privilege accrues providing the party initiates a contest, pays the fees necessary to the prosecution of the contest and successfully prosecutes the contest; a privilege to enter upon the public domain which by reason of the successful contest has again become public land and subject to entry; a right which is clearly a personal right; a right which the department by its decisions has determined cannot be transferred; a right which cannot be relinquished in the interests of any third party. In other words, it is a prosecution initiated by an individual, prosecuted by the consent of the government for which the government agrees that the party successfully contesting shall acquire a certain privilege. It goes no further. It has never sanctioned in any decision that we have been able to find, the right of an individual to relinquish a claim which had accrued to him'under the laws of the United States, for the benefit of any individual; on the contrary it has continuously held that by such a relinquishment the United States acquires the right to classify the land relinquished as a part of the public domain and open it to any and all bona fide claimants.
The complaint in this case alleges that this was an agreement between the plaintiff and the defendant whereby the defendant, upon certain conditions being performed by the plaintiff, was to initiate and prosecute a contest, and that, when that contest was successfully -prosecuted and she had acquired the right to enter upon the land under the statute, then she would simply waive that right or relinquish the same to the government of the United States and permit the plaintiff to enter upon and acquire the title to the same. It is but an indirect way of saying that she could by that agreement relinquish her right of entry to plaintiff himself; and certainly it appears from the record in this case that the *444 court has gone thus far by its decree in conformity with the-prayer' of the complaint, by decreeing that the defendant must execute the relinquishment and deliver the same to'the-plaintiff,'who, when 'it may suit his convenience, will file the same .in the 'local land-office, and thereupon initiate a homestead right by filing, in his own name or that of another person, upon the land in question. It requires a remarkable, stretch of the imagination, and a most extraordinary liberality of the construction of the statute in question, and a wide departure from the universally accepted ruling of the department, to admit that such a contract and such a decree could-be enforced and upheld.
Counsel for defendant in error insisted that all that was required of the plaintiff in error was, that having successfully contested the homestead entry of Bernard Laffer, she' should do nothing. But she did do something; She went-on and made an.entry. True it was in violation of her agreement, yet it was an entry made by virtue of a statute conferring upon her the personal privilege of so doing. A privilege that she could not transfer, a privilege that she could not sell, a privilege that she could not agree to sell, and after having so entered the land the court by its decree in this case says you must make that relinquishment, you must- deliver it to the plaintiff, you must keep off the land- and surrender what improvements, or practically surrender what improvements and what rights have accrued to you by virtue of the land laws of the United States. We are satisfied that the court had no jurisdiction to enter the decree, and that the complaint does not state facts sufficient to constitute a cause of action.
It is true there is no express prohibition of alienation of this preference, right or privilege, yet we are satisfied that the court should refuse to enforce such a contract, not from any regard to the defendant in this case, but from motives of public policy, and whether the contract be absolutely void or not, it is so clearly against the will and policy of 'the gov- *445 eminent that a court of equity ought not to attempt to enforce it.
The judgment and decree of the court below must be reversed, and the cause remanded with directions to dismiss the complaint and discharge the defendant.

Reversed.