[Sac. No. 678.    Department Two.—September 21, 1900.]

## CHARLES MOORE, Respondent, v. MARGARET A. MOORE, Appellant.

TRUST—HOMESTEAD ENTRY—TITLE—FRAUD UPON GOVERNMENT—ILLEGAL CONTRACT.—A contract between a father, who was entitled to make a homestead entry, and his son, who, without the father's original knowledge or consent, had by fraud and perjury made an entry in his own name, that the son should thereafter proceed and make proofs, and obtain title from the government for the father's benefit, and then convey the same to the father, is illegal and void. An action by the father to enforce a trust in the title so acquired by the son, necessarily depending upon the enforcement of the illegal contract, cannot be maintained.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, and N. J. Barry, for Appellant.

The demurrer should have been sustained. Section 2290 of the Revised Statutes of the United States provides that every person who applies to make a homestead entry must make an affidavit that the entry is made for his exclusive use and benefit, and not either directly or indirectly for the use or benefit of any other person. Therefore the plaintiff comes into court claiming a title which he says was initiated in fraud and consummated by perjury, to which he admits he was a party. The mere statement of the proposition is enough to close the door against him. (*Mitchell v. Cline,* 84 Cal. 409; *Snow v. Kimmer,* 52 Cal. 624; *Huston v. Walker,* 47 Cal. 484; *Damrell v. Meyer,* 40 Cal. 166; *Beard v. Beard,* 65 Cal. 356; Civ. Code, sec. 1667.) Plaintiff used no means to perfect his own title, and cannot hold the patentee as a trustee by implication of law. (*Dreyfus v. Badger,* 108 Cal. 63; *Sacramento Sav. Bank v. Hynes,* 50 Cal. 195; *Schleffery v. Tapia,* 68 Cal. 184.)

Spencer & Raker, and H. D. & G. H. Burroughs, for Respondent.

The entry being made without the consent or knowledge of the plaintiff, the plaintiff was not a party to the fraud. The son held the title as an involuntary trustee for the father. (Civ. Code, sec. 2224.) The land, being in the possession of the plaintiff, was not subject to pre-emption. (U. S. Rev. Stats., sec. 2289; *Davis v. Scott*, 56 Cal. 170; *Atherton v. Fowler*, 96 U. S. 519; *Rourke v. McNally*, 98 Cal. 292; *McGuire v. Brown*, 106 Cal. 670; *Wormouth v. Gardner*, 112 Cal. 510.) A trust arises by implication of law from the facts appearing. (Perry on Trusts, sec. 27; *Whittenbrock v. Cass*, 110 Cal. 5; *Reynolds v. Sumner*, 126 Ill. 58[1]; *Bigley v. Jones*, 114 Pa. St. 510; *Brison v. Brison*, 75 Cal. 530[2]; *Hayne v. Hermann*, 97 Cal. 260; *Murphy v. Clayton*, 113 Cal. 153.)

HENSHAW, J.—The appeal is from the judgment. The prayer of the complaint is that defendant be decreed to hold the legal title to certain land in trust for plaintiff. The material allegations of the complaint are: That plaintiff was in the possession and occupation of public land of the United States, which land was subject to homestead entry. Plaintiff was qualified to enter the land under the homestead laws, and was entitled upon so doing, and after compliance with the laws of the United States, to obtain title thereto. His son, Charles W. Moore, lived with him upon the land. In 1873, without the knowledge or consent of plaintiff, the son made a homestead entry upon the land at the United States land office. The entry was fraudulently made while the plaintiff was in the exclusive possession of the land, and while the land was not open to homestead entry by any person other than the plaintiff. The son was guilty of fraud and false representations to the officers of the land office, and his entry was illegal and void. After the entry the plaintiff, learning of it, went to his son and demanded an explanation, stating to him that his entry was irregular and illegal, to which the son replied that he had made the entry for the protection and benefit of plaintiff, and to se-

---

[1] 9 Am. St. Rep. 523.          [2] 7 Am. St. Rep. 189.

cure the land for plaintiff, and to prevent any person other than the plaintiff from securing the same, and told plaintiff that if he would not object to or contest the entry he would secure the title to the lands from the United States for the use and, benefit of plaintiff. The plaintiff relied upon the promises and statements so made to him by his son, and thereupon consented that his son should proceed under his entry, make proofs, and acquire title to himself. This the son did, and the patent of the United States for the land in question was in due course issued to him. The son died without fulfilling his promise, and this action was commenced in 1896 for the purpose above .indicated. A general demurrer was interposed to the complaint, which was overruled.

That demurrer should have been sustained and the action dismissed. Section 2290 of the Revised Statutes of the United States provides that every person who applies for a homestead entry must make affidavit that the entry is made for his exclusive use and benefit, and not, either directly or indirectly, for the use or benefit of any other person. By the allegations of this complaint the son of plaintiff conceived and set in active operation a fraud upon the government of the United States, by which, through flagrant perjury, he undertook to acquire title to a part of the government domain. The plaintiff, knowing this, consented that the fraud should be consummated, upon the assurance that the title acquired should subsequently be conveyed to him. He seems to think that no one was interested in the scheme other than himself and his son, and that he may be heard to complain·in a court of equity because a title thus fraudulently secured from the government by false representations and perjury, to which he was a consenting party, was not afterward conveyed to him. He forgets, however, the higher interests of the general government, and overlooks the dictates of public policy. That the agreement between the father and son was for the consummation of a fraudulent imposition upon the government there can be no doubt, and plaintiff's right of recovery under his pleading looks to the enforcement of this illegal contract. As was said by Judge Duncan in *Swan v. Scott*, 11 Serg. & R. 164: "The test whether a demand connected with an illegal transaction is

capable of being enforced is whether the plaintiff requires the aid of the illegal transaction to establish his case.   If the plaintiff cannot establish his case without showing that he has broken the law, the court will not assist him, whatever his claim in justice may be upon the defendant." A consideration of contracts, illegal either because against the express mandate or the express policy of the law, was recently had by this court in *Berka v. Woodward,* 125 Cal. 119,[3] to which reference may be made.

The judgment appealed from is reversed, with directions to the trial court to sustain the demurrer and dismiss the action.

Temple, J., and McFarland, J., concurred.