(November 26, 1909.)

## JOS. R. HARRIS, Administrator, Respondent, v. CHRIS-TINA McCRARY et al., Appellants.

### [105 Pac. 558.]

PUBLIC LANDS—HOMESTEAD LAW U. S.—CONTRACT TO CONVEY BEFORE TITLE IS ACQUIRED—CONTRACT VOID—MINOR HEIRS—TITLE BY ADVERSE POSSESSION.

1. Under the provisions of sec. 2290, U. S. Rev. Stat., any agreement, oral or written, whereby the homestead entryman agrees to convey a part of the homestead, is absolutely void and not enforceable.

2. Under the provisions of sec. 2291, U. S. Rev. Stat., a homestead entryman when making his final proof must make and subscribe an affidavit that he has not directly or indirectly alienated or agreed to alienate said land or any part thereof.

3. *Held,* that a void contract to convey a part of the homestead could not be validated by an oral agreement to convey in conformity with such contract after patent has been received.

4. Title by adverse possession cannot be acquired against minors during minority.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth Judicial District, for Oneida County. Hon. Alfred Budge, Judge.

Action to quiet title to certain real estate. Judgment for plaintiff. *Reversed.*

Geo. E. Gray, for Appellants.

"A contract by which one person agrees to acquire title to a tract of public land through the homestead laws, and to convey the same to another, cannot be enforced by the promisee after the entry has been consummated." (*Moore v. Moore,* 130 Cal. 110, 80 Am. St. 78, 62 Pac. 294; *Pacific Livestock Co. v. Gentry,* 38 Or. 275, 61 Pac. 422, 65 Pac. 597; *Clark v. Bayley,* 5 Or. 343.) If the illegality of a contract sued on appears from the testimony of plaintiff's witnesses (and in this case from the findings of the court is made to appear), although not pleaded in the answer, the court of its

own motion ought to dismiss the action. (*Pacific Livestock Co. v. Gentry*, 38 Or. 275, 61 Pac. 427, 65 Pac. 597; *Ah Doon v. Smith*, 25 Or. 89, 34 Pac. 1093; *Buchtel v. Evans*, 21 Or. 309, 28 Pac. 67; *Bradfeldt v. Cooke*, 27 Or. 194, 50 Am. St. 701, 40 Pac. 1.)

A contract which was void when executed cannot be made valid by ratification of parties. (Wait Fraud Conv., sec. 489.) Nor is there any method whereby an illegal contract— one which never had life—can be rendered efficacious. (*Bradfeldt v. Cooke*, 27 Or. 194, 50 Am. St. 701, 40 Pac. 3.)

A mere permissive possession or one consistent with the title of another, however long continued, can never ripen into a title by adverse possession. (1 Am. & Eng. Ency. of Law, 2d ed., 794; *Smith v. Smith*, 80 Cal. 323, 21 Pac. 4, 22 Pac. 186, 549; *Anderson v. McCormick*, 18 Or. 301, 22 Pac. 1062.)

S. D. Davis, and D. C. McDougall, for Respondent.

We are not seeking to enforce the contract between the father and the son; we are simply asking for a decree quieting what title the father had—that is, a mere judicial declaration of an existing right. An action to quiet title will lie, although the plaintiff has no legal title to the premises in question. (*Coleman v. Jaggers*, 12 Ida. 125, 118 Am. St. 207, 85 Pac. 894; *Johnson v. Hurst*, 10 Ida. 308, 77 Pac. 784.)

The rule that precludes a court from enforcing an agreement against public policy does not extend to a refusal to declare that such agreement has been enforced or performed by the parties themselves. "By reason of the part performance of said contract, it does not come within the statute of frauds prohibiting oral sales of real estate." (*Fleming v. Baker*, 12 Ida. 346, 85 Pac. 1092.)

We do not contend that the title was made complete by possession, but we rely rather on an executed agreement and the doctrine of estoppel. (*Grice v. Woodworth*, 10 Ida. 459, 109 Am. St. 214, 80 Pac. 912, 69 L. R. A. 584.)

SULLIVAN, C. J.—This is an action to quiet title to eighty acres of land situated in Oneida county, brought by the ad-

ministrator of the estate of J. M. McCrary, deceased, against the heirs of William A. McCrary, deceased. The complaint alleges that said J. M. McCrary, deceased, was in the possession of a certain tract of land in said Oneida county, describing it by metes and bounds, from 1882 up to the time of his death in 1904, and that since his death the plaintiff administrator has been in the possession thereof; that the defendants claim and assert some interest therein adverse to the estate of said deceased J. M. McCrary, and that the claim of said defendants is without any right whatever; and after alleging the death of J. M. McCrary and the appointment and qualification of the plaintiff as administrator of his estate, prays that the title to said property be quieted in him as such administrator.

The defendants, who are appellants here, filed their answer and cross-complaint denying that the plaintiff's intestate ever was the owner of said land. In their cross-complaint they allege, among other things, that the said William A. McCrary, deceased, during his lifetime, settled upon said eighty-acre tract of land in connection with another eighty-acre tract adjoining, and entered the same under the homestead laws of the United States, and that on February 29, 1892, a patent was duly issued by the United States to said William A. McCrary to said land, and that thereafter, on May 25, 1893, said William A. McCrary died intestate in the state of Utah and that his said estate has never been probated; that defendants have at all times since May 25, 1893, been in the possession of said land, and as the heirs of said William A. McCrary, deceased, have been the owners of said land, and have never dispossessed themselves of such right or sold or conveyed the same; that the defendant, Christina McCrary, is the surviving widow of said William A. McCrary, and that the other defendants are his surviving children; and pray that the title in and to said eighty-acre tract be quieted in said defendants.

Upon the issues thus made the case was tried by the court without a jury, and findings of fact made and decree entered in favor of the respondent administrator quieting the title

in him. A motion for a new trial was made and overruled by the court, and this appeal is from that order.

It is contended by counsel for appellant that certain findings of fact are unsupported by the evidence, and that certain conclusions of law were not supported by the findings of fact, and also that the court erred in the admission of certain testimony.

It appears from the record that J. M. McCrary, now deceased, about the year 1880, settled upon 160 acres of land, which included the land in question, erected a dwelling-house and other improvements thereon, and began the cultivation of the land; that in the following year his son, William A. McCrary, now deceased, entered into an oral agreement with J. M. McCrary, whereby J. M. McCrary agreed to sell and transfer to William A. his improvements on said land, and said William A. agreed to obtain title to said land and thereafter convey by deed eighty acres thereof to J. M. McCrary; that in pursuance of said agreement, J. M. McCrary assigned and sold his improvements and surrendered possession of said land to said William A., and the latter entered the same under the homestead laws of Congress; that in the year 1882, J. M. McCrary went into possession of the land now in dispute and lived there the greater portion of the time until 1904, when he died. However, it does appear that during that time he made a homestead entry in the state of Utah and made final proof and procured a patent therefor. The court found that during the time he was living on said land he fenced the same and cleared it of sagebrush, plowed and cultivated it, constructed a dwelling-house and made other improvements thereon, planted an orchard, acquired a water right, and that during all of said time he claimed to be the owner of said land and had complete control of the same, which claim of ownership was known to and acquiesced in by said William A. McCrary up to the date of his death, which occurred on May 25, 1893, a little over a year after the issuance of said patent; that after receiving said patent, William A. ratified said agreement by his actions and by encouraging J. M. to continue improvements on said land and agreed to deliver

him a deed to said land as soon as he could have one prepared. It appears that although the patent was issued on February 29, 1892, and that William A. did not die until May 25, 1893, he failed to execute a deed to J. M. conveying to him the land in dispute.

We infer from the evidence in the case and the finding of facts that the case was tried and decided partially upon the theory that said contract had been ratified by William A. after the issuance of said patent to him, by his actions and by encouraging J. M. to continue to improve said land and agreeing to deliver him a deed therefor, and partially upon the fact of long-continued, peaceable possession and improvement of said land by J. M. McCrary. Such a contract as that under consideration, whether written or oral, under the provisions of sec. 2290 of the Revised Statutes of the United States, is absolutely void and unenforceable. In the case of *Moore v. Moore*, 130 Cal. 110, 80 Am. St. 78, 62 Pac. 294, the court held that a contract by which one person agrees to acquire title to a tract of public land through the homestead laws, and to convey the same to another, cannot be enforced by the promisee after the entry has been consummated, being one for the commission of a fraud upon the United States, in violation of Rev. Stat. of the U. S., sec. 2290; which requires one making a homestead entry to make affidavit that it is for his exclusive use and benefit and not, either directly or indirectly, for the use or benefit of another.

The same doctrine is laid down in *Pacific Livestock Co. v. Gentry*, 38 Or. 275, 61 Pac. 427, 65 Pac. 597. See, also, *Clark v. Bayley*, 5 Or. 343.

Courts have held that if the illegality of the contract sued on appears from the testimony, although not pleaded in the answer, the court of its own motion ought to dismiss the action. (*Pacific Livestock Co. v. Gentry*, 38 Or. 275, 61 Pac. 422, 65 Pac. 597; *Ah Doon v. Smith*, 25 Or. 89, 34 Pac. 1093; *Buchtel v. Evans*, 21 Or. 309, 28 Pac. 67; *Bradtfeldt v. Cooke*, 27 Or. 194, 50 Am. St. 701, 40 Pac. 1.)

Under the provisions of sec. 2291, Rev. Stat. of the U. S., a homestead entryman when making his final proof must

make and subscribe an affidavit that he has not directly or indirectly alienated or agreed to alienate said land or any part thereof. The contract under consideration comes within the provisions of said sec. 2290, Rev. Stat. of the U. S. As the contract was absolutely void, the entryman could not make it valid by agreeing orally to execute a deed in conformity with its terms and thus make a valid and enforceable contract of the void one. And, further, an oral agreement to convey is void under the statute of frauds; therefore, the judgment cannot legally be based on that void contract.

The next question for consideration is: Did J. M. McCrary acquire title by adverse possession?

It appears that Christina McCrary is the widow of the deceased William A. McCrary, and that William McCrary, Fred McCrary and Jennett Harris are children of the said Christina and her deceased husband, and had at the time this suit was brought arrived at their majority—that is, of age; and that Matilda, John, Zella and Austin McCrary were minor heirs and children of said deceased William A. McCrary, and all of said children were no doubt minors at the date of William A. McCrary's death. That being true, the statute of limitations, so far as adverse possession is concerned, would not begin to run against them until after they arrived at their majority. (Sec. 4046, Rev. Codes.) And the plaintiff has not acquired title by adverse possession, as the evidence shows he went into possession by the consent of William A. McCrary and continued in possession after William A.'s death by and with the consent of his widow, and also for the reason that it does not appear that he continued in adverse possession of said land five years after the minor heirs had arrived at the age of twenty-one.

It will serve no good purpose to discuss further the questions here involved. While there are no doubt equities with the respondent, they are so tinctured by the unlawful contract of respondent's intestate that a court of equity will not intervene to grant relief.

The judgment is reversed and the cause remanded, with directions to the trial court to make findings of fact in favor

of the appellants and to enter judgment in their favor.   Costs of this appeal are awarded to the appellants.

Ailshie, J., concurs.

Stewart, J., did not sit at the hearing and took no part in the decision.