(No. 4512.  March 30, 1927.)

## A. M. COX and JAMES COX, Appellants, v. WADE H. ROSS and RUBY D. ROSS, Respondents.

[255 Pac. 309.]

SPECIFIC PERFORMANCE — COMPLAINT — AVERMENTS AS TO CONTRACT — CONSTRUCTION OF COMPLAINT—AMBIGUITY.

Complaint for specific performance of contract, whereby, in consideration of plaintiff's surrendering their possession of four placer mining claims, defendants agreed to procure patent from the United States for the land embraced in the claims and convey to plaintiffs the ground embraced in three of the claims, *held* not to state cause of action, as it is to be construed most strongly against plaintiffs, and leaves to conjecture whether a placer patent was contemplated and obtained, in which case the agreement would be valid, or whether the agreement provided for a homestead patent, in which case it would be invalid.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for specific performance of contract to convey land. Demurrer sustained by trial court. *Affirmed.*

J. A. Elston and Cleve Groome, for Appellants.

The plaintiffs may sell, assign, mortgage, encumber and contract concerning their rights in the mining claims and the same is not against public policy. (*Alexander v. Sherman*, 2 Ariz. 326, 16 Pac. 45; *Montana Min. Co. v. St. Louis Min. etc. Co.*, 20 Mont. 394, 51 Pac. 824; *St. Louis Min. etc. Co. v. Montana Min. Co.*, 171 U. S. 650, 19 Sup. Ct. 61, 43 L. ed. 320; *Forbs v. Gracy*, 94 U. S. 762, 24 L. ed. 313, 314, 14 Morr. Min. Rep. 183; *Manuel v. Wulff*, 152 U. S. 505, 14

Publisher's Note.
See Contracts, 13 C. J., sec. 366, p. 428, n. 51.
Equity, 21 C. J., sec. 425, p. 405, n. 82, 83.
Specific Performance, 36 Cyc., p. 775, n. 58.

Sup. Ct. 651, 38 L. ed. 532–534, 18 Morr. Min. Rep. 85; *Belk v. Meagher,* 104 U. S. 279, 36 L. ed. 215; *Noyes v. Mantle,* 127 U. S. 348, 8 Sup. Ct. 1132, 32 L. ed. 168, 15 Morr. Min. Rep. 611.)

H. E. Wallace, for Respondents

A contract for conveyance of a part of homestead entry to be conveyed after obtaining patent thereto is against public policy, null and void and cannot be enforced. (*Aldrech v. Anderson,* 2 L. D. (U. S.) 71, and cases therein cited; *Slate v. Dorr,* 2 L. D. (U. S.) 635, and cases therein cited; *Molinari v. Scolary,* 15 L. D. (U. S.) 201; U. S. Rev. Stats., sec. 2288.)

GIVENS, J.—A. M. Cox and James Cox filed an action against Wade H. Ross and Ruby D. Ross, husband and wife, wherein in the amended complaint they alleged that plaintiffs were in possession of four certain placer mining claims and that on or about March, 1919, an agreement was entered into between plaintiffs and defendant Wade H. Ross whereby it was mutually agreed in consideration of the plaintiffs surrendering and delivering to the defendants the possession of said placer mining claims and the improvements:

"That the said Defendants would procure a government survey of said premises above described at their own cost and expense, and obtain a patent from the United States for the land above described, perfect title thereto, and convey to Plaintiffs as soon as patent was obtained, all of the ground embraced in the three mining placer claims known as King No. 1, King No. 2, and King No. 3, and retain for themselves all of the placer claim consisting of twenty (20) acres in said Section Sixteen (16), and pay Plaintiffs One Thousand Dollars ($1,000) for the improvements thereon, consisting of a commodious house, barn, outbuildings, and other improvements."

Plaintiffs further alleged that thereafter the defendants fully complied with the terms of the agreement and secured

patent to the lands, but that they have refused to convey the portion of the land to which plaintiffs contend they are entitled, and contrary to the agreement, have executed a mortgage on the premises described, to one A. F. Talcott.

A demurrer was interposed on three grounds; first, that the amended complaint failed to state sufficient facts to constitute a cause of action; second, that it was ambiguous and unintelligible, on the ground that it was not alleged whether the agreement was oral or in writing; and third, that the contract mentioned was contrary to public policy, which in effect is evidently to be construed as being in substance the same as the first ground.

The lower court sustained the demurrer, the action was dismissed and the appeal taken herein.

It is argued by the respondents that the demurrer was properly sustained because a contract, of the kind herein alleged, where the patent to be secured would be on a homestead, would be contrary to public policy. (*Harris v. McCrary*, 17 Ida. 300, at 305, 105 Pac. 588; *Sutphen v. Sutphen*, 30 Kan. 510, 2 Pac. 100; *Anderson v. Carkins*, 135 U. S. 483, 10 Sup. Ct. 905, 34 L. ed. 272; *Wood v. Noel*, 116 La. 516, 40 So. 857; *St. Louis Min. & Mil. Co. v. Montana Min. Co.*, 171 U. S. 650, 19 Sup. Ct. 61, 43 L. ed. 320.) Nothing is alleged in the amended complaint as to whether the patent was to be a homestead patent, a mining patent, or any other kind of a patent, but it is alleged in paragraph 14 (after alleging a refusal on the part of respondents to convey), that the respondents "Are now occupying said lands and tilling the same for farming purposes."

If the agreement contemplated a placer patent and a placer patent was obtained the agreement would be valid. If the agreement provided for a homestead patent it would be invalid. (Authorities *supra*.) The complaint is to be construed most strongly against the pleader. The amended complaint did not allege that the agreement was for a placer patent and it did not allege that a placer patent was secured. We would therefore have to rely upon con-

jecture in order to conclude that the agreement contemplated that respondents were to obtain a placer patent. Consequently the complaint did not state a cause of action and the demurrer was properly sustained.

The judgment of the lower court is affirmed. Costs awarded to respondents.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.