## DICKSON v. TAYLOR et al.

No. 16879.   Opinion Filed Sept. 13, 1927.

Rehearing Denied Feb. 14, 1928.

(Syllabus.)

1. **Public Lands—Contract Tending to Stifle Bids Against Public Policy.**

The public lands of this state, when offered for sale, should bring the highest price obtainable, and any agreement between persons interested in the purchase of such lands which has the effect to eliminate one of them as a competitor at the sale, or which has the purpose to discourage other prospective bidders, is a contract against public policy and cannot be enforced.

2. **Same—Specific Performance of Contract Denied.**

Section 9338, C. O. S. 1921, provides that the purchaser of any of the public lands of this state shall make an affidavit that the land purchased is for his own use and benefit, and not either directly or indirectly for the use and benefit of any other person, firm, association, or corporation. And where the plaintiff's petition alleges, and the evidence submitted by him thereon showed, that he had entered into an agreement with the defendant that such defendant would purchase public lands in his own name and hold one-half interest therein for the plaintiff, held, that such contract must have contemplated the defendant making a false affidavit, and therefore the contract was void, and not enforceable in an action to compel specific performance.

3. **Appeal and Error—Subsequent Appeals —Right to Present on Second Appeal Questions Briefed but not Decided on First Appeal.**

Where a case is appealed and is reversed and remanded for a new trial because of failure of the defendant in error to file brief as required by the rules of this court, the parties are not precluded from presenting the same questions on the second appeal as were presented in the brief of plaintiff in error in the first appeal.

Commissioners' Opinion, Division No. 1.

Error from District Court, Beaver County; Arthur G. Sutton, Judge.

Action by Alexander J. Dickson against John Taylor and J. B. Buck. Judgment for defendants, and plaintiff brings error. Affirmed.

C. H. Mauntel and R. E. Dickson, for plaintiff in error.

D. W. Buckner and Ross Rizley, for defendants in error.

REID, C. This is an appeal from a judgment of the district court of Beaver county, Okla., in favor of J. B. Buck and John Taylor and against the plaintiff in error, Alexander J. Dickson, in a suit brought by him to declare a resulting trust in an undivided one-half interest in 1,120 acres of land situated in said county, and to have partition of said lands as between the plaintiff and the defendant Taylor.

The defendant J. B. Buck was made a party to the action by reason of the fact that when the suit was originally commenced, he had a mortgage on a certain 560 acres of the land. It is shown, however, that during the pendency of the action Taylor relinquished to Buck, and Buck paid the balance due on the purchase money and obtained patent to the land in his own name.

The lands in controversy were public

lands of the state of Oklahoma, commonly called "New College Land," and had been classified as "Class A Grazing."

In plaintiff's petition he alleged that these lands were originally leased by, the defendant Taylor, in his name, but that they were in fact leased by Taylor under an agreement made between them for the benefit of each of them, and they paid the amounts due upon the lease, fenced the land together, and assumed joint use and control; that when the lands were offered for sale by the state, he and Taylor had an agreement that the lands were to be bought in Taylor's name, and they were to pay the interest, the amount due on the purchase price, and also the taxes in equal amounts, and in pursuance of this agreement the lands were purchased by Taylor, and in his name. That this agreement was made at the time of the purchase, and that he carried out his part of the agreement as long as permitted by Taylor, and at all times thereafter had offered to comply with it, but that Taylor had refused to recognize him as joint owner of the land, assumed adverse possession against him, and finally entirely repudiated his agreement by relinquishing to Buck the entire lands, and permitted Buck to obtain title from the state in his name.

The defendant Taylor answered the petition of plaintiff, saying that he orginally leased the lands for himself and in his own name, but that thereafter he did make an agreement with the plaintiff whereby it was understood that the plaintiff was to furnish one-half the fence and pay one-half the expenses of the lease for the privilege of using a part for pasturage purpose, and that when the lands were offered for sale by the state he discussed the matter with the plaintiff, who stated to him that he did not desire to purchase the land, but that he, Taylor, might purchase it, and that plaintiff would pay one-half the amount falling due the state, including taxes, as rental or lease money for the use of lands with him in equal proportion, and as they had used it while leased. That they had no agreement by which he was to convey any interest in this land to the plaintiff, and that he knew of no claim by the plaintiff to that effect until some time after the land had been purchased by him and the state had issued to him a certificate of purchase.

Each of the parties submitted evidence sustaining their respective contentions.. The parties stand as they did in the trial court and they will be so referred to in this opinion.

It is contended by the plaintiff that upon any view of the case, the judgment of the trial court awarding the land to the defendant Buck is not authorized by the pleadings nor evidence, for which reason, if for no other, the same cannot stand.

With our view of the case it is not necessary to determine this question, for the reason that if the plaintiff, under the state of facts pleaded by him and upon the testimony offered by him, cannot recover against either defendant, then he would have no interest as to whether Buck or Taylor prevailed in the action.

The judgment of the trial court does not disclose the grounds upon which it was rendered, but the court was authorized from the testimony to find that the purpose of making this agreement was to chill the bidding at the sale. One of the plaintiff's own witnesses testified that she was present when it was agreed that this land was to be bought by Taylor and in his name, and that they agreed to this method, because, as stated by them, they thought other persons would not bid as hard against Taylor as they would if each of them bid on the land. It is certainly to the interest of the people of this state that its public lands, when offered for sale, bring the highest price obtainable, and any agreement between persons interested in the purchase of such lands which has the effect to eliminate one of them as competitor at the sale, or which has the purpose to discourage other prospective bidders, is a contract against public policy and cannot be enforced.

As stated by the court in Camp v. Bruce, 96 Va. 521, 70 A. S. R. 873:

"We have no statute declaring that contracts like the one under consideration are unlawful, yet under the principles of the common law any contract that is made for the purpose of, or whose necessary effect or tendency is to lessen competition and restrain bidding at judicial sales, is held to be illegal because opposed to public policy. The object in all such sales is to get the best price that can be fairly had for the property. The policy of the law, therefore, is to secure such sale from every kind of improper influence."

The principle applicable to the question here presented has been announced by this court in the case of Citizens' National Bank of Chickasha v. Mitchell et al., 24 Okla. 488, 103 Pac. 720. And see Kine v. Turner et al., 27 Ore. 356, 41 Pac. 664; Sell v. West, 125

Mo. 621, 46 A. S. R. 508; Fisher v. Transportation Co., 136 Mich. 218, 98 N. W. 1012; Fletcher v. Johnson, 139 Mich. 51, 102 N. W. 278; Tappon v. Albany Brewing Co., 80 Cal. 570, 22 Pac. 257; Pacific Livestock Co. v. Gentry (Ore.) 61 Pac. 422, 65 Pac. 597.

The contract pleaded and proved by the plaintiff's testimony is invalid, and cannot be the basis of an agreement for specific performance for another reason.

At the time this sale was had, there was in force section 9338, C. O. S. 1921, as follows:

"Affidavit of Purchaser: Before any certificate of purchase is issued for any part or parcel of the public lands of this state, the purchaser thereof shall make an affidavit that the land purchased is for his own use and benefit and not either directly or indirectly for the use and benefit of any other person, firm, association, or corporation. In the event that such purchaser fails or refuses to fully comply with all the requirements of law and the rules and regulations of the Commissioners of the Land Office, authorized by law, governing sales of the land sold under the provisions of this article and to make such affidavit, the deposit required in the second preceding section hereof shall be forfeited to the state for the benefit of the fund for which the land is sold."

It will be observed that before Taylor could obtain a certificate of purchase to this land, he was required to make the foregoing affidavit. And whether the plaintiff in fact knew, he was charged with knowing that under the law he was entering into an agreement which would require the purchaser to make an affidavit which had been made a felony by the law of this state. Section 9344, C. O. S. 1921.

Under section 9319, C. O. S. 1921, then in force, no person was permitted to purchase more than two sections of such land. This would furnish one of the reasons for requiring the above affidavit to be made, as that statute, its violation carrying the penalty above prescribed, would have a tendency to prevent a party from acquiring a large amount of these lands at these sales, as he would have more difficulty in finding the necessary purchasers with whom he could enter into such agreements, and thereby increase the two sections which he was permitted to buy for himself. And this could not be answered by suggesting that the plaintiff in this case, if permitted to have this contract enforced, would not be acquiring more than two sections of this land. The law says that every purchaser shall

make this affidavit. It does not say that some other person can be directly or indirectly interested with him, provided such other person is not acquiring more than the prohibited amount of these lands, and thus eliminate the necessity of making the affidavit. The state had a right to say, and it has said, that its public lands shall be bought and sold only upon "open covenants * * * openly arrived at," and this court must say that no agreement in violation of that policy will be enforced.

It has been held in many cases by the different courts in this Union that no resulting trust can operate to the benefit of a party who advances money for the purchase of any public land when it is known by him that the party in whose name the lands are to be bought, and with whom he contracted, must make such affidavit. Mellison et al. v. Allen (Kan.) 2 Pac. 97; Jackson v. Baker (Ore.) 85 Pac. 512; Kremer v. Earl et al. (Cal.) 27 Pac. 735; Kine v. Turner et al., 27 Ore. 356, 41 Pac. 664; McMillan v. Wright, 56 Wash. 114, 105 Pac. 176; Moore v. Moore, 130 Cal. 110, 62 Pac. 294; Anderson v. Carkins, 135 U. S. 483, 34 Law Ed. 272; McCue v. Smith, 9 Minn. 237; McGregor, Adm'r, v. Donnelly (Cal.) 7 Pac. 422; Pacific Livestock Co. v. Gentry, supra.

However, this is not an open question in this state. In the case of Nunley v. Loftis, 100 Okla. 46, 220 Pac. 841, the identical question presented here was decided by this court. It was there held that a like contract was in violation of the above statute of this state, and conferred no rights entitling the plaintiff to specific performance of the agreement. However, that case did not announce a new principle, but only followed the previous decision of this court, therein cited.

The present case must be distinguished from Clark v. Frazier, 74 Okla. 141, 177 Pac. 589. The purchaser in that case alleged that the parties were the heirs of an ancestor who died owning a lease on the public lands in controversy and after the death of the ancestor the heirs continued to make improvements on the land at their joint expense, and that when the land was offered for sale they agreed among themselves that two of the heirs would attend the sale and buy the land for all of them, but the defendant in the case, one of the heirs, by deceit induced the other heir not to attend the sale, and in violation of the agreement bought the land in her own name. And the court calls attention to the fact that it was not agreed that this defendant

was to buy the land in her own name and make the false affidavit that the purchase was for her alone; but that she was to buy it for all of them, and thereby protect all of the heirs in the amount they had paid. And the court further said that if she had complied with the exact agreement she made, no statute would have been violated. It would therefore appear that that case is not at variance with the case of Nunley v. Loftis, supra, nor with the conclusions herein expressed.

It is urged by the plaintiff that the question above discussed is res adjudicata, as having been decided adversely to the defendant in the previous appeal of this case. Dickson v. Taylor and Buck, 101 Okla. 119, 223 Pac. 143.

The general rule applicable to this question has been stated to be that a judgment of reversal which does not purport to pass on the merits of the controversy does not operate as res adjudicata. An examination of the above opinion discloses that this case was reversed because of the failure of the defendant in error to file a brief. It does not disclose that the case was considered on its merits for the purpose of determining the issues there and here presented. We have a right to examine the record in this case upon that appeal, and though we find that a petition for rehearing was filed and presented, there is nothing in the opinion of the court, nor in the order overruling the petition for rehearing showing the case was considered on its merits, and the questions here presented have, therefore, not become res adjudicata. Clark v. First National Bank, 59 Okla. 2, 157 Pac. 96; Yale v. Noble, 113 Okla. 106, 239 Pac. 463.

Having found that the plaintiff, Dickson, could not recover upon the contract pleaded and proved by him, it is useless for us to determine the questions as to whether the judgment of the trial court in favor of the defendant Buck should have been rendered, and whether the judgment is against the clear weight of the testimony, as contended by the plaintiff.

Having decided adversely to the plaintiff in error all questions necessary to a determination of this case, it follows that the judgment of the trial court should be, and is affirmed.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 429, §366; p. 436, §371 (Anno); 6 R. C. L. 810; 2 R. C. L. Supp. p. 209. (2) 36 Cyc. p. 547. (3) 4 C. J. p. 1095, §3075.