## SAVERY v. BOGGS et al.

### No. 570.

Circuit Court of Appeals, Tenth Circuit.
March 30, 1932.

Solon W. Smith, of Oklahoma City, Okl. (James S. Twyford and G. Lee Gibbs, both of Oklahoma City, Okl., on the brief), for appellant.

J. B. Dudley, of Oklahoma City, Okl. (J. D. Holland and John E. Luttrell, both of Norman, Okl., on the brief), for appellees.

Before LEWIS and COTTERAL, Circuit Judges, and KENNAMER, District Judge.

COTTERAL, Circuit Judge.

This suit was brought by Boggs, Helms, and Todd to quiet their title to a quarter section of land located in Cleveland County, Okl., against Savery and Herrick. They alleged they were the owners of the land, that the defendants asserted an adverse title thereto and had cast a cloud thereon by an affidavit filed of record made by Herrick for Savery, reciting that Savery and Boggs had agreed upon the purchase of that land and another tract of school land, that the purchase was carried out as to the other tract, that Boggs had taken title in his name to the tract in dispute and refused to convey to Savery his half interest therein, and the latter would bring suit to establish it.

The title claimed by the defendants was set out in paragraph 4 of an amended answer. That paragraph was stricken on motion of plaintiffs as insufficient to constitute a defense or entitle defendants to relief, and leave to amend was denied. A supplemental answer was filed and likewise stricken. After a final hearing, at which another District

Judge presided, the facts were found and a decree was rendered quieting plaintiffs' title, canceling the affidavit of record and taxing the costs to Savery, the defendant M. C. Herrick having entered a disclaimer.

The findings were, in substance, as follows: The tract in question, a part of the public school lands of the state, was sold on December 10, 1915, by the commissioners of the land office to one Bogle, and a certificate of purchase was issued to him on that date; that on February 17, 1925, said certificate was canceled, but prior thereto a tax sale certificate was duly issued by the county treasurer of Cleveland county, Okl.; that said certificate was duly acquired by Frank Boggs and presented by him to the commissioners; that on February 25, 1929, the Bogle interest was duly transferred to Boggs, and thereupon said commissioners reinstated said purchase to Boggs, and on March 18, 1929, duly issued to him a certificate of purchase. In the following August, Boggs transferred his interest therein to himself, Helms, and Todd, and they are the owners of the certificate, subject only to the payment of the purchase price of the land. Savery has no interest in or title to the land, and his affidavit casts a cloud on the title.

The trial evidence need not be set out in detail. It is sufficient to state that the findings conform to the orders, striking paragraph 4 of the amended answer and the supplemental answer. Savery unsuccessfully sought at the trial to prove the facts therein alleged, that he tendered reimbursement to Boggs for his outlays, and that the tender was refused. He assigns as error the striking of paragraph 4 of the amended answer and the supplemental answer, the refusal of his proof of the facts there alleged, and the entry of a decree for the plaintiffs.

Paragraph 4 pleads an oral agreement between Savery and Boggs to obtain title to the land in dispute and another quarter section for their joint benefit, the performance of the agreement by Savery and a breach of it by Boggs in acquiring adverse title to the tract in dispute for himself and associates. The facts are specified. The commissioners of the state land office sold the tract in dispute to Alice L. Bogle and the other tract to M. S. Bogle, on terms of cash and deferred installments, for which sale certificates were issued. Both tracts were sold for nonpayment of taxes, and tax sale certificates were issued respectively to Savery and to Smelser and Hallock. After the two-year period of redemption had expired, Savery and Boggs entered into the agreement, whereby Savery was to acquire the school land certificates for the two tracts, Boggs was to pay Savery one-half of his expenditures and be entitled to a half interest in the lands and a deed therefor, and Boggs was to be reimbursed for certain improvements and outlays theretofore made on said tracts. Savery fulfilled his part of the agreement by securing a patent for the tract not here in dispute and conveying a half interest therein to Boggs, although the reimbursements were not made to him. Boggs, however, purchased the certificate for the tract in dispute and obtained the patent therefor. Savery, on discovering the fact, requested of Boggs a deed for his half interest in that tract, at the time tendering to Boggs the amount due him, and asked reimbursement of the amount due to himself. Boggs promised, but has refused, compliance with the agreement. A decree was sought requiring a conveyance by Boggs of that half interest in that tract, and an accounting by him. The supplemental answer pleads like facts in a reduced form.

The record does not disclose the ground for striking the pleadings, but it appears from the statements of counsel in this court. It was, in substance, that the agreement to jointly acquire the school lands was void and unenforceable, because it was in contravention of the public policy and the laws of the state of Oklahoma, and particularly section 9338, Comp. St. Okl. 1921, which requires an affidavit from all purchasers of school land that it is acquired for their use and benefit and not directly or indirectly for the use and benefit of any other person. The answer of the appellant is that the statute requires the affidavit only of an original purchaser and has no application to the acquisition of title by a tax certificate holder, which is controlled by section 9321, Comp. St. Okl. 1921. The appeal turns on the solution of this controversy.

Appellees cite the Organic Act for the territory (section 18, 26 Stat. 81, 89) reserving sections 16 and 36 for the public schools, and the statehood Enabling Act, § 9 (34 Stat. 274), which grants these sections for the support of common schools, to be appraised and sold in 160 acre tracts or less, as may be prescribed by the state Legislature, with a preference right in favor of lessees, and the State Constitution (section 4, art. 11) setting those sections apart to be sold for school purposes. But there is no provision in the acts

or in the Constitution which forbids the agreement pleaded by appellant. We advert to the state statutes.

Section 9319 limits a purchaser of school land to one quarter section. A purchase contrary to section 9338 is invalid. Dickson v. Taylor, 129 Okl. 191, 263 P. 1102. Section 9331 authorizes an assignment of a certificate of purchase and succession to the rights of a purchaser, and imposes no requirement of an affidavit. First Nat. Bank v. Welch, 119 Okl. 270, 250 P. 100; Clark v. Board, 143 Okl. 18, 285 P. 127. And the title of a certificate holder is subject to mortgage and foreclosure sale. Nolan v. Schaetzel, 145 Okl. 231, 292 P. 353. Section 9338 by its terms is plainly limited to original purchasers and appears to have no application to their assignees. This view is fortified by the further provision of the section that a failure or refusal of a purchaser to comply with the law and the rules and regulations of the Commissioners and make the affidavit subjects to forfeiture his deposit made as a bidder of 10 per cent. of the value of the lessee's improvements. An assignee makes no such bid for the land. It would unwarrantably broaden the plain language of section 9338 to put both in the same category and require a qualifying affidavit of an assignee.

However, this construction of the section is unnecessary, as section 9321 is complete in itself in regulating the rights and duties of tax sale purchasers. It provides that the land office shall transmit a list of the school lands sold to the county clerk for the purpose of taxation, and invests tax sale purchasers with the rights and interests of the school land certificate holders, entitling them to be substituted for those holders and pay the balance due the state, without a tax deed. There is no mention of an affidavit as a condition of succession to the rights of the school land purchasers. A manifest object of omitting the restriction as to the beneficiaries is to promote the collection of taxes. We hold there is no justification for importing into section 9321 the requirement of a preliminary affidavit from involuntary assignees holding unredeemed tax certificates.

Cases are cited by counsel which hold contracts for the sale of public lands of the government are sustained or condemned according to the statutory regulations. It need only be said that those cases are in point which uphold such contracts.

Our conclusion is that it was error to strike paragraph 4 from the amended answer and the supplemental answer, to exclude evidence under those pleadings, and to render a decree with such pleadings and the proofs thereunder eliminated. The decree for the appellees is therefore reversed, and the case is remanded to the District Court, with direction to vacate those orders, grant a new trial of the cause, and proceed to a disposition of it, consistently with this opinion.

Reversed.