Points Decided.

(January 3, 1925.)

H. F. CLELAND, Administrator of the Estate of HENRY
WING, Deceased, Respondent, v. ISABELLA Mc-
LAURIN, Appellant.

[232 Pac. 571.]

PLEADING — ACTION TO SET ASIDE CONVEYANCE — ADMINISTRATOR AS
PARTY—GENERAL DENIAL WHERE COMPLAINT VERIFIED—NATURE OF
ACTION—TEST OF RIGHT TO JURY TRIAL—DAMAGES—EXPENSES OF
LITIGATION — FAILURE TO SERVE AMENDED ANSWER — SERVICE ON
NONRESIDENT ATTORNEY.

1. An administrator is the proper party to quiet title or to
remove a cloud from the title to property belonging to the estate.

2. *Held,* that the allegation that "at all times herein men-
tioned plaintiff was and now is the duly appointed, qualified and
acting administrator of the estate of Henry Wing, deceased," is
a sufficient allegation of plaintiff's qualifications as administrator
and of the death of Wing.

3. *Held,* that this action is an equitable proceeding to set aside
a conveyance, not an action for the recovery of real property
within the meaning of C. S., sec. 6837, and that appellant was not
entitled to a jury.

4. In determining whether or not the parties are entitled to
a trial by jury, courts must look to the ultimate and entire relief
sought, and if the question of damages is incidental it is not
controlling.

5. In that class of actions in which the expense of litigation
is recoverable as damages, it cannot be recovered unless it appears
it was necessarily incurred and is reasonable in amount.

6. Under the provisions of C. S., sec. 6694, where the complaint
is verified the defendant must deny specifically each material alle-
gation. A general denial is insufficient to raise an issue.

7. Where an amended answer had been filed but had not been
served upon plaintiff or his counsel, the lower court properly sus-
tained plaintiff's motion to strike such amended answer.

Publisher's Notes.

1. Right of personal representative to maintain action to quiet
title, see note in Ann. Cas. 1913A, 996.

4. Right to jury trial in action to quiet title, see notes in 3
Ann. Cas. 248; 18 Ann. Cas. 245.

8. The fact that counsel upon whom a memorandum of costs and disbursements is served is a nonresident attorney does not make such service invalid where the attorney has appeared generally on behalf of the client.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Action to set aside a conveyance and mortgage. Judgment for plaintiff. Modified.

Lynn W. Culp, for Appellant.

The action is clearly one to recover specific real property, with damages. The respondent claims title for the estate he presumes to represent. The appellant alleges herself to be the owner of the premises described in the complaint, and entitled to the possession thereof. The appellant was, therefore, entitled to a trial by a jury. (Const., art. 1, sec. 7; C. S., sec. 6837.)

Where the action is one to recover title, the constitutional provision that "the right of trial by jury shall be inviolate" applies. (*Gordon v. Munn*, 83 Kan. 242, 21 Ann. Cas. 1299, 111 Pac. 117.)

Special damages must be specifically pleaded and established by proof. (*Sommerville v. Idaho Irr. Co.*, 21 Ida. 546, 123 Pac. 302.)

The trial court is required to be liberal in permitting amendments to pleadings. (*Kroetch v. Empire Mill Co.*, 9 Ida. 277, 74 Pac. 868; *Dunbar v. Griffiths*, 14 Ida. 120, 93 Pac. 654; *Havlick v. Davidson*, 15 Ida. 787, 100 Pac. 91; *Harrison v. Russell*, 17 Ida. 196, 105 Pac. 48.)

Reed & Boughton, for Respondent.

An administrator is a proper party to quiet title or remove a cloud from the title to property belonging to the estate. (*Harris v. McCrary*, 17 Ida. 300, 105 Pac. 558.)

The allegation that "at all times herein mentioned the plaintiff was and now is the duly appointed, qualified and

acting administrator of the estate of Henry Wing, deceased,''
is a sufficient allegation of plaintiff's qualification. (18 Cyc.
978, 979.)

The jury was not at any time demanded to try the question of damages. It was not such a case as defendant was
entitled to have submitted to a jury, either under the constitution or C. S., sec. 6837. (*Rees v. Gorham,* 30 Ida. 207,
164 Pac. 88.)

Furthermore, there was no proper denial as to the amount
of damages, and it was not necessary to prove the fact admitted in the pleadings. (*Broadbent v. Brumback,* 2 Ida.
366, 16 Pac. 555; *Burke v. McDonald,* 2 Ida. 679, 33 Pac.
49; *Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, 101 Pac.
81.)

As the complaint was verified, it was necessary for the
defendant to specifically deny each material allegation.
(C. S., sec. 6694; *Joyce v. Rubin,* 23 Ida. 296, 130 Pac.
793.)

As all of the material allegations of the complaint not
specifically denied must be taken as true, it was not necessary
to prove them on the trial. (*Burke v. McDonald, supra;
Wheeler v. Gilmore etc. R. Co.,* 23 Ida. 479, 130 Pac. 801.)

In cases of fraud and wilful wrong it is proper to allow
attorneys' fees and other expenses of suit as damages.
(*Flack v. Neill,* 22 Tex. 253; *Bracken v. Neill,* 15 Tex. 109;
13 Cyc. 79; *Jenkins v. Commercial Nat. Bank,* 19 Ida. 290,
113 Pac. 463.)

McCARTHY, C. J.—This action was instituted by respondent as public administrator for the purpose of canceling a certain deed, executed by one Wing in favor of appellant, and a mortgage, executed by appellant in favor of
said Wing, and also to recover damages alleged to have been
sustained by reason of said deed and mortgage having been
placed on record.

The cause was tried by the court without a jury and judgment was entered for respondent herein canceling the deed

and mortgage and allowing damages in the amount of $250. From that judgment this appeal was taken.

The court found that respondent was and now is the duly appointed, qualified and acting administrator of the estate of Henry Wing, deceased; that on July 6, 1918, Wing, being the owner of a certain lot in the city of Coeur d'Alene, sold the same to Robert Lang and Kate Lang, his wife, for $600, $100 being paid at the time of sale, the written contract of sale providing that $100 or more a year should be paid on the sixth day of July each year thereafter; that by the terms of said contract Wing agreed to deliver a merchantable title to said lot on payment of the purchase price; that the Langs went into possession under the contract of sale and that they had paid $400 of the principal and interest up to July 6, 1921, and on May 26, 1922, tendered the balance due and demanded a deed to said lot free and clear; that said Wing, on January 28, 1920, executed a warranty deed to the lot in question to the Langs and caused the same to be placed in escrow with the American Trust Company to be delivered to them upon payment of the full purchase price; that on July 6, 1920, Wing, after a hearing and examination in open court, was duly adjudged to be an incompetent by reason of old age and infirmity and that on the same day the American Trust Company was appointed guardian of the estate of said Wing, said company acting in that capacity until May 2, 1922; that Wing lived with appellant, no guardian of his person being appointed; that appellant knew of the appointment of the trust company as guardian of his estate, and she also knew of the sale to the Langs and of their payments to Wing and that they were in possession claiming to be the owners under said contract of sale; and that having full knowledge of these things she procured Wing to execute a deed to the lot in question in favor of her on May 11, 1921, and that she executed a mortgage in the sum of $2,000 in favor of the said Wing and caused both instruments to be recorded; that appellant wilfully, unlawfully and fraudulently induced Wing to make said deed and

with intent to encumber the record title; that the estate of Wing was damaged to the extent of $250.

Appellant erroneously contends that the court erred in overruling the demurrer to the complaint on the ground that respondent is not the real party in interest, and that there is a misjoinder of causes of action, and because the complaint does not contain an allegation of Wing's death, and does not sufficiently allege that respondent was appointed and qualified to act as administrator.

An administrator is the proper party to quiet title or to remove a cloud from the title to property belonging to the estate. (*Harris v. McCrary*, 17 Ida. 300, 105 Pac. 558.) The allegation that ''at all times herein mentioned, plaintiff was and now is the duly appointed, qualified and acting administrator of the estate of Henry Wing, deceased,'' is a sufficient allegation of respondent's qualifications and of the death of Wing. There is no merit in the contention that two causes of action were improperly joined.

The contention that the court erred in not calling a jury is without merit. The record discloses no request for a jury. This was not such an action as appellant was entitled to have submitted to a jury. It was not an action for the recovery of real property within the meaning of C. S., sec. 6837, but an equitable proceeding to set aside a conveyance. The only question that could have been submitted to a jury was the amount of damages sustained. That question, however, is incidental to the relief sought. In the case of *Rees v. Gorham*, 30 Ida. 207, 164 Pac. 88, in discussing this identical point on somewhat similar facts this court, speaking through Chief Justice Budge, said:

''It is true that a portion of respondent's cause of action was a claim for damages, which if it stood alone, would undoubtedly entitle the appellant to a jury trial. But in determining whether or not the parties are entitled to a jury trial, courts must look to the ultimate and entire relief sought.''

The answer does not deny the allegation of the complaint in regard to damages. That allegation is as follows:

"That the estate of said Henry Wing has been damaged by reason of said transfer from Henry Wing to said defendant, and mortgage from said defendant to said Henry Wing in the sum of three hundred dollars ($300.00), and that it has cost, and will cost, said estate, the sum of three hundred dollars ($300.00), to clear the title of said deed and mortgage, and to remove the cloud from said lot."

No evidence of the amount of damages suffered was introduced. The allegation is evidently an attempt to state special damage, to wit, the expense of the litigation. We do not find it necessary to decide whether unliquidated damages can be recovered without evidence of the amount of damage suffered, when the allegation of the complaint is not denied by the answer. Nor do we find it necessary to decide whether the expense of the litigation can ever be recovered in this character of action. In any event, before the expense of litigation can be recovered as damages without evidence, on the strength of an allegation in the complaint undenied by the answer, that allegation must be sufficient to state elements of damage legally and properly recoverable. The expense of litigation can be recovered only if necessarily incurred and reasonable in amount, and allegations to that effect are necessary in the pleading. There are no such allegations in the complaint. The trial court had before it neither pleading nor evidence of the necessity or reasonableness of the alleged expense. For the above reasons we conclude that the court erred in awarding damages.

Appellant further contends that there is no evidence upon which to base findings of fact numbered I, VII, VIII and IX. Each of these findings follows nearly word for word the allegations of the verified complaint. The answer discloses that each of these allegations was denied generally. Such a denial is insufficient to raise an issue under our statutes. C. S., sec. 6694, provides that where the complaint is verified the defendant must deny specifically each material allegation.

The lower court committed no error in sustaining respondent's motion to strike the amended answer. The amended

answer, although having been filed, had never been served upon respondent or respondent's counsel.

The next and final contention of appellant is that the court erred in denying her motion to strike the memorandum of costs and disbursements, on the ground that the memorandum was not served upon her. The record shows that it was served upon L. L. Westfall, an attorney who had appeared for appellant to argue the demurrer to the complaint and to conduct the trial for her. Prior to the hearing upon the demurrer all papers had been served upon appellant personally. She contends, therefore, that Westfall appeared specially for the purpose of arguing the demurrer and to assist her in conducting the trial. The record shows that he appeared generally. Under these circumstances the fact he was a nonresident attorney did not make the service invalid. The lower court did not err in denying the motion.

The cause is remanded to the district court, with instructions to modify the judgment by striking therefrom the provision awarding damages. As so modified the judgment is affirmed. No costs are awarded on the appeal.

William A. Lee and Wm. E. Lee, JJ., concur.