Counsel for respondent state insurance fund have filed objections to the taxation of costs herein, and in support thereof contend that the department of finance, under C. S., sec. 6291, is in fact respondent, and that this is thus in fact a suit against the state itself; that if any costs are taxed, they are taxed as a charge against the state; that no costs are allowable unless there is an express provision of statute therefor; that C. S., sec. 7212, being a general statute, making no express reference to the *Page 754 
state, is not applicable herein; that if these costs are taxed under C. S., sec. 7223, that section is unconstitutional under Idaho Const., art. 4, sec. 18, which vests exclusive power to allow claims against the state in the state board of examiners; that C. S., sec. 6272 (as amended, Sess. L. 1921, c. 217, sec. 14, p. 480), is particularly applicable to the workmen's compensation law; and that, as this section provides:
"If the board, or any court before whom any proceedings are brought under this act, determines that such proceedings have been brought, prosecuted or defended without reasonable ground, he or it may assess the whole cost of the proceedings upon the party who has so brought, prosecuted or defended them," and as there is no contention that this cause was "defended without reasonable ground," there is thus no provision for the taxation of costs.
Respondent's contention that the department of finance is in truth and in fact the respondent herein, and that thus the state is a party, is only tenable in a limited sense. By C. S., sec. 6291, the department may sue and be sued "in all actions or proceedings arising out of anything done or (suffered) in connection with the state insurance fund or business relating thereto." While counsel contend that the state is thus a party, its liability does not extend beyond the amount of the insurance fund, C. S., sec. 6288, providing, "Such fund shall be administered by the department . . . . without liability on the part of the state beyond the amount of such fund," and that "Such fund shall be applicable to the payment of losses sustained on account of insurance and to the payment of compensation under the workmen's compensation law and of expenses of administering this article." By C. S., sec. 6290, the department is given full power to conduct all business in relation to the fund in the official name of the department. It is authorized to make contracts of insurance (C. S., sec. 6292); it is "vested with full authority over the said fund, and may do any and all things which are necessary or convenient *Page 755 
in the administration thereof, or in connection with the insurance business to be carried on by the department under the provisions of this chapter." (C. S., sec. 6289.) It is required to keep an account of "the amount disbursed from the state insurance fund for expenses." (C. S., sec. 6302.) The department submits an estimate to the state board of examiners to meet current disbursements. (C. S., sec. 6315), to be paid out of the state insurance fund. The department, while defendant, is thus only administering the insurance fund, which, the same as any private insurance company, is answerable for the payment to the employee.
If respondent's construction is correct, then the principal sum of the claim, as well as costs, must be a claim against the state. Surely, the legislature had no such intention, nor is it within the intent of the constitution.
C. S., sec. 6272, must have been enacted in contemplation of the existence of C. S., sec. 7212, a general statute upon the matter of allowance of costs upon appeal. Provision is made in the workmen's compensation law for payment of some of the costs thereof, such as, stenographic reports, "at the cost of such party"; for the fees and traveling expenses of witnesses, "to be paid by the party in whose interest such witnesses are subpoenaed." (C. S., sec. 6261.) C. S., sec. 6266 (as amended, Sess. L. 1921, c. 217, sec. 9, p. 478), makes provision for appointment of a physician, to be paid by the state, as the other expenses of the board are paid, provided that the injured employee and the employer may each "at his own cost have a physician present."
Thus, it appears that C. S., sec. 6272, in the use of the term, "the whole cost of the proceedings," contemplates that if a court should determine that a proceeding was "defended without reasonable ground," it could tax costs against the party not taxable otherwise, as the "whole cost" of the proceeding. It being a special provision, it will be confined to the subject matter treated of therein, and it will not be presumed that it was intended to supersede general provisions for taxation of costs. *Page 756 
" . . . . Positive and explicit provisions, comprehending in terms a whole class of cases, are not to be restrained by applying to those cases an implication drawn from subsequent words, unless that implication be very clear, necessary, and irresistible." (25 R. C. L., p. 1011, sec. 250.)
We thus conclude that the costs in this court are taxable against the respondent, to be paid from the insurance fund.
William A. Lee, C.J., and Wm. E. Lee and Givens, JJ., concur.