LAMOREAUX v. LAMOREAUX et al.

Circuit Court of Appeals, Eighth Circuit.
April 23, 1928.

No. 7840.

1. Courts ⟨key⟩366(1)—Federal courts accept construction of state statute by state Supreme Court.

The construction of a state statute by the Supreme Court of the state is accepted in the federal courts.

2. Judgment ⟨key⟩828(3)—Judgments In state court actions between administrator and decedent's son held res judicata in widow's action in federal court against son, though she was not party to state court actions (Gen. St. Minn. 1923, § 8786).

Judgments in state court actions between administrator and decedent's son, determining that son was owner of certain premises and that administrator had no estate or interest therein under Gen. St. Minn. 1923, § 8786, held res judicata in subsequent action by decedent's widow against his son in federal court involving title to same realty, both in principle and under ruling of state Supreme Court, though widow was not a party to state court actions.

Appeal from the District Court of the United States for the District of Minnesota; John B. Sanborn, Judge.

Action by Genevra D. Lamoreaux against Leigh C. Lamoreaux and others. From a decree of dismissal, plaintiff appeals. Affirmed.

Mortimer H. Boutelle and Eugene N. Best, both of Minneapolis, Minn, for appellant.

James A. Peterson, of Minneapolis, Minn., for appellee Leigh C. Lamoreoux.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

BOOTH, Circuit Judge. This is an appeal from a decree in equity dismissing the bill upon the ground that the facts set up in

the answer had been found true upon a hearing, and that said facts constituted a bar to the prosecution of the bill.

The suit was one brought by appellant, Genevra D. Lamoreaux, hereafter called plaintiff, against Leigh C. Lamoreaux, often hereafter called defendant, and several others. Jurisdiction was based upon diversity of citizenship, and the requisite amount involved.

The bill alleged substantially as follows:

That plaintiff and defendant were tenants in common and the owners, respectively of an undivided one-half interest in and to the following described lands located in Hennepin county, Minn., to wit:

"Lots No. two (2) and three (3) in block thirty-two (32) Groveland addition to Minneapolis according to the recorded plat thereof on file and of record in the office of the register of deeds of the county last aforesaid excepting therefrom the south ten (10) feet front and rear of said lot three (3) and subject to a right of way for park purpose granted to the city of Minneapolis over a strip of land eleven (11) feet wide across the front or Hennepin avenue end of lots two (2) and three (3) as granted in and by those two certain deeds recorded in the office of the aforesaid register of deeds in Book 149 of Deeds at pages 526 and 529."

That plaintiff and defendant derived their respective titles to the land from a common source, viz. Irving C. MacDonald; that about May 12, 1914, Lowell A. Lamoreaux, father of defendant and who later became husband of plaintiff, purchased the premises from MacDonald, and caused the title to be taken in the name of the defendant; that the defendant furnished no part of the consideration; that the deed from MacDonald to defendant was duly recorded; that two mortgages executed by defendant were placed upon the land, and part of the proceeds of the mortgages, to the extent of approximately $30,000, was used in making improvements on the land; that other moneys, amounting approximately to $8,000, were furnished by Lowell Lamoreaux for the purposes of making further improvements; that about May 1, 1915, defendant executed and delivered a warranty deed of an undivided one-half interest in the premises to Lowell Lamoreaux; that at this time it was agreed and understood between Lowell Lamoreaux and defendant that the undivided one-half interest in the premises still remaining in defendant should be a gift to him upon his reimbursing Lowell Lamoreaux for the advances made by the latter for the improvements; that from about

October 1, 1914, to December 1, 1919, Lowell Lamoreaux had possession of the premises and collected the rents and income therefrom; that on the last-named date Lowell Lamoreaux executed and delivered a power of attorney to defendant to manage the property and collect the income therefrom; that the two mortgages heretofore mentioned on the real estate had been replaced by a single mortgage, and was held by the Northwestern National Life Insurance Company, also a defendant; that about July 1, 1916, the premises were leased to one Paust for the term of 100 years; that this lease was by mesne assignments transferred to William H. Medlar and Alice W. Medlar, two of the defendants; that there was a mortgage of $11,-000 on the leasehold, owned by Charles M. Drew, one of the defendants; that no relief was sought against the owners of the leasehold or against the owner of the mortgage on said leasehold; that about February 1, 1922, Lowell Lamoreaux died testate; that his will was duly filed for probate in Hennepin county, Minn., and duly allowed March 18, 1922; that at the date of his death he was still seized of an undivided one-half interest in the said premises; that by the terms of his last will all of the property of which he died seized was devised and bequeathed to plaintiff; that no lien or incumbrance had been placed upon said premises during administration. The prayer of the bill was for a partition, either in kind or by sale, for an accounting by defendant, and for a receiver pendente lite.

To this bill an answer was interposed by defendant. This answer contained specific denials of many of the allegations of the bill; and in addition set up facts relative to two suits theretofore carried on and determined in the state court of Hennepin county, Minn., prior to the commencement of the instant suit, which facts, it was alleged, constituted a bar to the prosecution of the present suit in the federal court.

### The First Suit in the State Court.

The answer in the case at bar alleged as to the first suit in the state court substantially as follows: That on May 15, 1923, in the Matter of the Estate of Lowell Lamoreaux, pending in the probate court of Hennepin county, Minn., Arthur M. Higgins was appointed special administrator; that about June 10, 1923, Higgins, as such special administrator, brought suit in the state district court of Hennepin county, Minn., against Leigh Lamoreaux, setting out in the complaint substantially the same facts that are alleged in the bill in the case at bar, claiming

that Lowell Lamoreaux was the owner at the time of his death of an undivided one-half interest in the premises above described, and praying for an accounting of rents by Leigh Lamoreaux, an injunction, and a receiver. The answer in the case at bar further alleged that an answer was interposed by Leigh Lamoreaux in the suit in the state district court of Hennepin county, Minn., setting up by way of counterclaim that the deed of May 1, 1915, from Leigh Lamoreaux to Lowell Lamoreaux, was in fact a mortgage given to secure certain advances made by Lowell Lamoreaux to Leigh Lamoreaux to aid in making improvements on the premises. The answer in the case at bar further alleged that the case in the state district court was tried, and Genevra Lamoreaux was a witness on the trial, that the court found that the deed of May 1, 1915, upon which the special administrator relied, was a mortgage, and that there was due and owing thereon from Leigh Lamoreaux $2,115.24, with interest, and that the special administrator was not entitled to an accounting. The answer in the case at bar further alleged that an appeal was taken by the administrator to the state Supreme Court from an order denying a new trial; that the state Supreme Court affirmed the findings of the lower court and held that the title to the premises was in Leigh Lamoreaux, subject to a mortgage of $2,115.24, with interest. Higgins v. Lamoreaux, 163 Minn. 242, 203 N. W. 961. Judgment was entered accordingly in the state district court.

### The Second Suit in the State Court.

The answer in the case at bar set up further that on March 21, 1924, Higgins, special administrator, was duly appointed administrator de bonis non with the will of Lowell Lamoreaux annexed; that, after judgment was entered in the first suit in the state court, Leigh Lamoreaux tendered to Higgins, as administrator, the sum found due on the mortgage, but that said administrator refused to accept the tender, and that the money was thereupon deposited with the clerk of the court; that thereafter Leigh Lamoreaux commenced an action against Higgins, administrator de bonis non, in the state district court of Hennepin county, Minn., to determine adverse claims to the premises heretofore described; that the administrator answered, setting up, among other things, that the judgment obtained in the first suit was void; that on motion such parts of the answer were stricken out as sham and frivolous, and judgment was ordered for the plaintiff Leigh Lamoreaux; that on appeal to the Supreme

Court of the state this order was affirmed (Lamoreaux v. Higgins, 166 Minn. 320, 207 N. W. 639); that judgment was thereafter entered adjudging the title to the premises to be in Leigh Lamoreaux, and that the defendant administrator and the estate of Lowell Lamoreaux had no estate or interest therein or lien thereon.

After the answer containing the foregoing allegations had been interposed in the case at bar, a motion, based upon said answer, was made by defendant Leigh Lamoreaux to dismiss plaintiff's bill; a motion was also made by plaintiff to strike out the portions of the answer containing the allegations touching the two suits in the state court. Both motions were denied; and the court ordered the issues of res adjudicata raised by the answer to be heard separately and in advance of the regular trial. After a hearing and taking of proof upon said issues, the court entered a decree adjudging that the allegations of the answer touching the two suits in the state court were true, and that the facts so found constituted a bar to a further prosecution of the instant suit; and that the bill be dismissed. The present appeal followed.

Though there are numerous assignments of error, they all center around one main question, viz.: Is the matter which plaintiff, Genevra Lamoreaux, seeks to have determined in the case at bar res adjudicata by reason of the judgments entered in the state district court of Hennepin county, Minn.?

The answer to this main question depends upon the answers to several other questions which are disclosed by an analysis of the main question: (1) What are the issues in the case at bar? (2) What were the issues in the case brought by the administrator, Higgins, in the state court? (3) What were the issues in the case brought by Leigh Lamoreaux against Higgins, as administrator, in the state court? (4) Are the judgments obtained in the state court binding upon Genevra Lamoreaux, the plaintiff in the case at bar?

Taking these questions up in their order:

1. The pleadings in the case at bar disclose (a) that the vital question involved is whether plaintiff is the owner of an undivided one-half of certain real property; (b) that this is dependent upon whether Lowell Lamoreaux, the testator of plaintiff, acquired any title through the deed of May 1, 1915, recorded November 4, 1920, from Leigh Lamoreaux, or whether that deed was in fact a mortgage.

2. The issues in the suit brought by Higgins, administrator, against Leigh Lamoreaux in the state court, were, as disclosed by the record, whether said administrator was entitl-

ed to an accounting from Leigh Lamoreaux of the rents of the same premises covered by the deed above mentioned of May\1, 1915, from Leigh Lamoreaux to Lowell Lamoreaux. The claim for an accounting was based upon the alleged ownership of Genevra Lamoreaux of an undivided one-half interest in said premises, which in turn was based upon said deed and the devise contained in the will of Lowell Lamoreaux. The judgment in the suit determined that the deed was a mortgage, and that the plaintiff administrator was not entitled to an accounting.

3. The issues involved in the suit in the state court brought by Leigh Lamoreaux against the administrator, Higgins, were whether Leigh Lamoreaux was the owner in fee of the whole of said premises, and whether the administrator had any estate or interest therein or lien thereon. The judgment determined that Leigh Lamoreaux was the owner of the whole of the said premises, and that the administrator and the estate of Lowell Lamoreaux had no estate or interest therein or lien thereon.

It is seen, therefore, that the same issue of title which is raised in the case at bar was raised and determined in the suits in the state court.

The fourth question remains: Are the state court judgments binding upon plaintiff in the case at bar? The parties to the suits in the state court were not the same as in the instant case. Here Genevra Lamoreaux is plaintiff and Leigh Lamoreaux defendant. In the state court, Genevra Lamoreaux was not a party to either suit. The authority for the administrator to be a party to litigation involving title to the lands of a decedent is found in section 8786, General Statutes of Minnesota 1923, which reads as follows:

"*General Powers and Duties.*—Every executor and administrator shall be entitled to the possession of all real and personal estate of the decedent which has not been set apart for the surviving spouse or children, and shall be charged with all such property. He shall receive the rents and profits of the real estate until the estate is settled, or until delivered over, by order of the probate court, to the heirs or devisees. He shall keep in tenantable repair all houses, buildings, and fixtures thereon which are under his control. He may himself, or jointly with the heirs or devisees, maintain an action for the possession of the real estate or to quiet title to the same."

The last sentence of the section was originally section 90 of chapter 46, General Laws of Minnesota, 1889.

[1] The construction of a state statute by the Supreme Court of the state is accepted in the federal courts. Stebbins v. Riley, 268 U. S. 137, 146, 45 S. Ct. 424, 69 L. Ed. 884, 44 A. L. R. 1454; Chanler v. Kelsey, 205 U. S. 466, 477, 27 S. Ct. 550, 51 L. Ed. 882; Saltonstall v. Saltonstall, 48 S. Ct. 225, 72 L. Ed. ——, opinion filed February 20, 1928.

[2] The Supreme Court of the state of Minnesota has recently construed the statute above quoted in an exhaustive opinion in the case of Lamoreaux v. Higgins, 171 Minn. 423, 214 N. W. 267. This case was one of a series of cases growing out of the litigation concerning the title to the land involved in the case at bar. The opinion in the case was handed down after the filing of the complaint in the case at bar. Because of this fact, there is a faint contention by counsel for appellant that the opinion should not be considered in the case at bar. We think, however, that the decision made no change in existing law, but simply stated clearly, what had not been done before, the construction of the statute we are considering. Under the authority of Fidelity National Bank v. Swope, 274 U. S. 123, 134, 135, 47 S. Ct. 511, 71 L. Ed. 959, we therefore quote from the opinion in Lamoreaux v. Higgins, supra, the following excerpts:

"It is true that the title of real estate vests in the heirs immediately upon the decease of the owner, intestate. Glencoe Ditching Co. v. Martin, 148 Minn. 176, 181 N. W. 108, following Noon v. Finnegan, 29 Minn. 418, 13 N. W. 197. If that fact retains all the effects it had at common law, the argument under consideration would be unanswerable. But it cannot control 'statutes conferring on an executor or administrator control over, or possession of, the real property of decedent or capacity to sue or be sued in respect thereto.' 34 C. J. 1036.

"Our Probate Code (established by chapter 46, G. L. 1889) provides one proceeding, in rem, the res being the entire estate of the decedent, real and personal, for both the administration and the distribution of that estate to those entitled thereto by law, creditors, heirs, legatees, or devisees. Dunnell's Minnesota Probate Law, §§ 614 and 617, citing, inter alia, Morin v. St. Paul, M. & M. Ry. Co., 33 Minn. 176, 22 N. W. 251, and Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792. Every administrator is entitled to the possession of the real as well as personal estate of the decedent which has not been set apart for the surviving spouse or children. Section 8786, G. S. 1923. That right is not conditioned upon inadequacy of personal property to pay debts and expenses of administration. * * *

"The administrator's powers with respect to real estate having been substantially and significantly enlarged by statute, it is difficult to escape the conclusion that the extent to which heirs and devisees are bound by the exercise of those powers has been correspondingly increased. * * *

"If the heirs are not bound, the statute is worse than meaningless, for it authorizes sterile actions and barren judgments. All else aside, if the administrator's right to temporary possession is the only right to be protected, why, in addition to the possessory action, give him a futile one to quiet title? He himself has no title to quiet, so if he quiets any, it must be that of the heirs. * * *

"Our conclusion is that when an administrator acts within his statutory power in suing to recover possession of real estate or to quiet title thereto or to assert any right therein, he is asserting the right and title of his decedent and represents the heirs, and that in consequence they are concluded by the judgment."

This construction of the statute is not only accepted by us, but meets with our entire approval. It is in line with the construction given similar statutes in other states. See 24 C. J. p. 134, § 599; Collins v. O'Laverty, 136 Cal. 31, 68 P. 327; Rice v. Carey, 170 Cal. 748, 151 P. 135; Cleland v. McLaurin, 40 Idaho, 371, 232 P. 571; Bamforth v. Ihmsen, 28 Wyo. 282, 204 P. 345, 205 P. 1004.

In view of the fact that the issue of title in the actions in the state court above mentioned was identical with the issue of title in the case at bar, and in view of the binding effect of the judgments in those actions upon the heirs and devisees of Lowell Lamoreaux, we reach the conclusion that the trial court was correct in holding that the title to the lands had become res adjudicata by the judgments in the actions in the state court. The bill was rightly dismissed.

Decree affirmed.