[No. 29077. Department One. August 7, 1943.]

G. Gray, *Appellant*, v. Wikstrom Motors, Inc., *et al.,*
*Respondents.*[1]

*J. P. Tonkoff,* for appellant.

*Lincoln E. Shropshire* and *Bonsted & Nichoson,* for
respondents.

Simpson, C. J.—Plaintiff instituted this action to re-
cover damages occasioned by the fraudulent acts of the

[1] Reported in 140 P. (2d) 497.

defendants in the sale to him of an automobile. The case is before this court for the second time. On the first hearing, plaintiff appealed to test the ruling of the trial court in granting a nonsuit. This we held as error, and the judgment was reversed on that ground. *Gray v. Wikstrom Motors, Inc.,* 14 Wn. (2d) 448, 128 P. (2d) 490. On retrial, the jury returned a verdict in favor of plaintiff. After a verdict, defendants made a motion for judgment notwithstanding the verdict and in the alternative for a new trial. The court granted the motion for judgment n. o. v. and entered judgment dismissing the case. It was then ordered that, in the event that the order granting judgment n. o. v. should be reversed, defendants should have a new trial. The order granting a new trial was allowed upon the ground that the evidence was insufficient to justify the verdict of the jury, and that the verdict was against the weight of the evidence. Plaintiff has appealed.

The one assignment of error is that the trial court erred in granting a judgment n. o. v. and a new trial.

In the former case, we held that all of the nine elements necessary to make a case for the jury in a fraud case were presented by the evidence. Our present duty is to ascertain from the evidence in this case whether appellant failed in that respect.

In order to affirm the judgment of the trial court, it is necessary that the evidence reveal a material change from that introduced at the first trial. If there is no material change in the evidence, our former opinion becomes the law of this case.

"Questions which have been determined on appeal, or which might have been determined had they been presented, will not be considered by the appellate court upon a second appeal of the same action [Citing cases].

"An equally well settled rule is that, where the weight and sufficiency of the evidence have been passed upon in a former appeal, and the evidence at a second trial is substantially the same, the decision on the former appeal is decisive in a second appeal [Citing

cases]." *Buob v. Feenaughty Machinery Co.*, 4 Wn. (2d) 276, 103 P. (2d) 325.

■ ■ Respondents did not offer evidence on the trial of this case. No useful purpose would be accomplished by setting out the evidence produced at the trial. It is sufficient to say that we have read the record in this case and compared it with the facts as related in our former opinion. The only material difference in the facts as presented at the two trials is that in the first case Mr. Wikstrom, president of respondent corporation, called by appellant as an adverse witness, testified that the standard price of the Model 81 car purchased by appellant was $1,958. This evidence was not produced at the second trial, nor was there any evidence of the standard selling price of the Buick car. All of the evidence was to the effect that the standard price was $2,274.75. It was incumbent on appellant to prove that the standard selling price of the car was $1,726.57, and that respondent wrongfully represented that the car was of the standard selling price of $2,274.75. In the absence of testimony, we cannot assume that the standard selling price was other than $2,274.75.

Appellant in this case failed to prove one essential fact, and that essential fact was that the standard selling price was $1,726.57. His failure to prove the standard selling price amounted to a substantial change from the evidence produced at the former trial, and not only compels us to hold that the rule of the law of the case cannot be applied, but compels a conclusion that the essential elements of the case were not proven.

The judgment of the trial court will be affirmed.

MILLARD, STEINERT, JEFFERS, and MALLERY, JJ., concur.