241 P.2d 171

CLARK et al. v. CHRISHOP.

No. 7819.

Supreme Court of Idaho.

Feb. 13, 1952.

Zener & Peterson, Pocatello, for appellant.

Gee & Hargraves, Pocatello, for respondents.

PORTER, Justice.

This is an action by the heirs at law of Marion Clark, deceased, to recover damages for his alleged wrongful death in an airplane accident occurring in the vicinity of Soda Springs on July 14, 1948. The trial of the cause resulted in verdict and judgment for respondents in the sum of $6,300. Motions by appellant for judgment notwithstanding the verdict and for new trial were denied by the court. From the orders denying such motions and from the judgment, appellant appeals to this court.

Appellant, at the time in question, was the owner and operator of the Chrishop Flying Service located at Grace, Idaho, with a branch of such flying service at Soda Springs, and was in the business of teaching and instructing persons to fly.

On March 8, 1948, deceased enrolled as a student with the Chrishop Flying Service at Soda Springs, and thereafter pursued a course of flight instruction, under what is commonly referred to as the "G. I. Bill". The authorization of the Veterans Administration for such training provided for a course of instruction beginning on March 8 and ending on July 5, 1948. However, on the day of the accident, deceased had not yet received the required hours of in ·

struction in cross-country flight to qualify him to be licensed by the Civil Aeronautics Administration as a private pilot permitted to carry passengers in an aircraft. He had a student pilot's certificate and was qualified to fly solo.

On July 14, 1948, about the hour of one o'clock P.M. deceased went to the airfield of appellant at Soda Springs, filled with gas a certain red, dual controlled, Cub "Cruiser" training plane owned and operated by appellant, and took off on a flight in such plane with one Leon H. Riggs as a passenger. Riggs was a former student of the flying school and held a private pilot's license. Neither appellant nor any of his employees were present at the flying field to "check out" the deceased or to supervise the take-off.

Several witnesses saw the airplane flying at an unusually low and dangerous altitude. The witness, Clyde Anderson, is a graduate of the Chrishop Flying Service and holds a private pilot's license. He had recently flown and was familiar with the airplane in question. He testified that on the day of the accident, just after his dinner, he was working in the field with a tractor; and that the airplane flew past him three different times at an elevation of about ten feet above the ground. Shortly thereafter, the airplane crashed to the earth in an open field about five miles from Soda Springs. No one witnessed the accident. Both occupants of the plane were killed.

By his assignments of error, appellant challenges certain rulings by the court, a number of instructions given and the refusal to give requested instructions. However, appellant's contention that the evidence fails to show any negligence on the part of appellant which was the proximate cause of the accident and death of Marion Clark, we consider to be decisive of the case and will limit our discussion to such contention.

The burden was on respondents to plead and prove not only negligence on the part of appellant but that such negligence was the proximate cause of the accident. There must be some causal connection between the negligence of appellant and the injury to deceased in order to render appellant liable. In Chatterton v. Pocatello Post, 70 Idaho 480, at page 484, 223 P.2d 389, at page 391, 20 A.L.R.2d 783, we said:

"The breach of duty to be actionable must be the proximate cause of the injury complained of, that is, the cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the result, and without which the result would not have occurred. 65 C.J.S., Negligence, § 103, p. 645.

"It may be stated as a general rule that negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the agency by which the injuries are inflicted

is not the proximate cause thereof. 38 Am. Jur. 702."

The rule is stated in 65 C.J.S., Negligence, § 104, p. 650, as follows: "Although a person may be negligent in the performance or omission of some duty owed to the person injured, no liability attaches unless it appears that there was a causal connection between such negligence and the injury, and the negligence charged was the proximate or legal cause of the injury, rather than a remote cause, or one merely causing a condition providing an opportunity for other causal agencies to act."

By their complaint, respondents, in effect, make three allegations of negligence: (a) that deceased was permitted to take and fly the plane without being "checked out" by defendant or a licensed instructor and instructed as to weather conditions and mechanical condition of the aircraft on that day, (b) that deceased was permitted to carry a passenger without being licensed by the Civil Aeronautics Administration to carry passengers in an aircraft, and (c) that the aircraft was not in proper mechanical condition and the engine thereof was malfunctioning.

Let us assume deceased still occupied the status of student as contended by respondents, and it was negligence for appellant to permit him to take off in the aircraft without supervision and instruction as to weather conditions and mechanical condition of the plane. There is no evidence in the record as to anything unusual happening at the take-off or that the weather was such as to increase the hazard of flying or that there were any instructions that should have been given as to the mechanical condition of the plane. The record does not disclose any causal connection between such alleged negligence of appellant and the accident which thereafter occurred.

Assume that by the negligence of appellant, deceased was allowed to carry a passenger contrary to regulations as he had not been licensed by the Civil Aeronautics Administration to carry passengers in aircraft. Such regulations appear to be for the protection of potential passengers. There is no evidence in the record to indicate that the carrying of the passenger increased the hazard of flying the aircraft or that the presence of the passenger in the plane in any way caused or contributed to the accident.

The only evidence as to the mechanical condition of the aircraft and its engine offered by respondents was the deposition of John J. Nussbaum. Nussbaum was a licensed aircraft and engine mechanic in the employ of appellant. He made an inspection of the airplane and its engine on July 1, 1948, and made an official periodic aircraft inspection report under such date. He recommended that certain repairs and replacements be made but marked the aircraft airworthy on his report. He made part of the recommended repairs, particularly the repairs on the engine. He tes-

tified that he tested the aircraft and its engine after such repairs and found both to be airworthy.

The evidence discloses the airplane was in daily use by student pilots. It was taken on a flight by deceased the day before the accident. On the day of the accident it was flown by student pilot Cellan, the flight ending about noon. He testified the airplane and its engine were functioning normally and that he found nothing wrong with them. The witness, A. C. Witter, is supervising agent for the District Office of Civil Aeronautics Administration. He made an inspection in his official capacity of the crashed airplane in company with Civil Aeronautics Board Examiner McIlvain of Seattle and Aircraft Agent Robert E. Bockler, an employee of the Civil Aeronautics Administration. He testified nothing was found by the inspectors that would indicate malfunction of the aircraft or its engine prior to the crash, and that in the opinion of the inspectors the motor was operating and the power on when the crash occurred. The evidence will not sustain a finding the aircraft or its engine was not airworthy or that a defective mechanical condition of the aircraft or its engine brought about or contributed to the accident.

Ordinarily, the proximate cause of an injury is a question of fact for the jury or the court as trier of the facts. Ford v. Connell, 69 Idaho 183, 204 P.2d 1019; Mason v. Hillsdale Highway Dist.,

65 Idaho 833, 154 P.2d 490; but in the absence of evidence showing or tending to show a causal connection between defendant's negligence and plaintiff's injury, defendant, as a matter of law, cannot be charged with liability. Chatterton v. Pocatello Post, supra. We conclude the evidence in this case fails to show any negligence on the part of appellant which was the proximate cause of the accident or had any causal connection therewith, and is insufficient to sustain a judgment in favor of respondents. The judgment is reversed with direction to vacate the same and to dismiss the action. Costs awarded to appellant.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.