ROBERT VINCENT, on Behalf of Himself and All Others Similarly Situated, Plaintiff, *v.* ALEX COOPERMAN, Defendant.

Supreme Court, Special Term, Kings County, October 8, 1953.

*Ashe & Rifkin* for defendant.

*Brenner, Hannan & Murphy* for plaintiff.

KEOGH, J. Motion by defendant for an order vacating a portion of an order directing that plaintiff may serve and file a demand for a jury in this action. Defendant claims that originally the plaintiff brought this action for equitable and legal relief and for that reason plaintiff waived any right which he may have had to a trial by jury. The action had been reached for trial in the month of January, 1953, in Special Term, Part III, of this court, when the court was apprised that due to certain facts the action in equity had become academic and thereupon the court transferred the cause to Trial Term where the issue of money damages could be adjudicated. An order was thereupon submitted to the court including a provision to serve and file a jury demand at the time of the transfer of the action to Trial Term. Such order was signed and entered. It is to this portion of the order that the defendant takes exception.

The law is well settled that when a plaintiff joins equitable and legal issues in one cause of action he waives his right to a jury trial of that action. (*Jamaica Sav. Bank* v. *M. S. Investing. Co.*, 274 N. Y. 215.) In all cases promulgating this general rule of law, it should be noted that the legal and equitable issues remained active to the date of trial. In such cases, the plaintiffs had made their choice and abided by operation of applicable statutes and rules. The situation herein is not such since plaintiff's complaint requesting equitable relief had become academic on the date of trial through circumstances beyond the control of the plaintiff. The question presented is whether the plaintiff's earlier waiver of trial by jury does bar him from demanding a jury on the remaining cause of action seeking damages at law. Had there been no equitable relief available at the outset of this action, the plaintiff might have demanded a jury trial. Is he now estopped from demanding a trial jury because his request for equitable relief has been dropped? The court feels that it would be an injustice to foreclose the plaintiff of his right of trial by jury.

Even where the equitable phase of the action survived, it has been held that in an action for both legal and equitable relief, issues at law may be framed for trial by jury. In *Fine* v. *Scheinhaus* (202 Misc. 272), at page 277, January 3, 1952, the Special Term stated as follows: " Plaintiff, it is true, joins an action at law, ejectment, with a demand for injunctive relief, and damages for withholding possession. Legal and equitable relief may both be demanded in the same complaint. * * * Legal issues may be framed for trial thereof by jury."

So, also, in *Truzzolino Food Products Co.* v. *F. W. Woolworth Co.* (108 Mont. 408), the court states on page 416: " The defendant contends that the court erred in compelling it to go to trial before a jury. It contends that the complaint was grounded upon a cause of action in equity, and that the court has exclusive jurisdiction to try the cause. We do not view the cause of action thusly. While it is true that the complaint asks for equitable relief, yet the specification of injury and the claim for damages are for legal relief, and it was not error to proceed upon the legal remedy and try the cause before the jury."

So, herein, the court feels that it should not deprive the plaintiff of a jury trial on his claim for legal relief.

Motion is, therefore, denied. Submit order.