Helen COOPER, a feme sole, Plaintiff,

v.

WESCO BUILDERS, Inc., a corporation, Murray W. Burns, Murray E. Burns, and Robert M. Burns, co-partners, doing business under the firm name and style of Murray Burns Plumbing Co., Electric Service Company, a corporation, E. P. Wassler, doing business under the firm name and style of E. P. Wassler Sheet Metal Co., and Continental State Bank, a corporation, Defendants.

E. P. WASSLER, an individual, doing business under the firm name and style of E. P. Wassler Sheet Metal Co., and Murray W. Burns, Murray E. Burns, and Robert M. Burns, co-partners, doing business under the firm name and style of Murray Burns Plumbing Company, Cross-complainants-Appellants,

v.

CONTINENTAL STATE BANK, a corporation, Cross-Defendant-Respondent.

No. 8091.

Supreme Court of Idaho.

March 18, 1955.

Hawley & Marcus, Boise, for appellant.

Elam & Burke, Boise, for respondents.

ANDERSON, Justice.

This action was before us previously on appeal from an order sustaining a demurrer

of Continental State Bank and granting a motion to strike from the separate second causes of action of appellants' cross-complaints. Cooper v. Wesco Builders, Inc., 73 Idaho 383, 253 P.2d 226.

The only parties involved in the first appeal are identical with those in the present appeal. They are: the Bank above-mentioned, Wassler, an individual, and Murray Burns Plumbing Company, a partnership. This Court overruled the demurrers and granted the motions to strike in part and denied them in part.

May 21, 1953, the pleadings were amended by stipulation of the parties to conform to the opinion of the Supreme Court and the answer of the Bank was filed. June 1, 1953, the District Court set the case for trial for June 29, 1953, without a jury, and without objection. June 15, 1953, Wassler and Burns filed statutory affidavits of prejudice against the trial judge and on the same date filed written motions for a jury trial. June 17, the Bank filed a motion to strike the affidavits of prejudice on the ground they were filed contrary to the provisions of Section 1–1801, Idaho Code. June 18, the affidavits were stricken by the court without a hearing. June 22, motions to amend the cross-complaints by striking out any request for the establishment of the liens or allowance of attorneys' fees were made, but the amendments were not verified. June 26, the Bank filed a motion to strike the proposed ·amendments and June 29, the motions to

amend were argued and also the request for a jury trial, and both were denied.

The case then proceeded to trial before the court without a jury and, as between the parties to this appeal, resulted in a judgment in favor of Continental State Bank.

Appellants, Wassler and Burns, claim the District Court erred in striking their affidavits of prejudice and in not permitting another judge to hear the case; in refusing to permit them to amend their cross-complaints; in denying them a jury and that the court erred in the admission and exclusion of certain evidence and exhibits.

Counsel for appellants cited the case of Price v. Featherstone, 64 Idaho 312, 130 P.2d 853, 143 A.L.R. 407, contending the court could take no further action after the filing of an affidavit of prejudice, other than to transfer the case to another judge. This case was decided in 1942, based upon Section 1–1801, I.C. In 1951, this Section was amended by adding these words:

"Provided further that no such affidavit may be filed in any case after any contested matter in relation to such litigation has been submitted for decision to any judge sought to be disqualified."

Each of the affidavits filed by Wassler and Burns was statutory and neither set out or alleged any grounds of actual bias on the part of the trial judge, other than that the judge sustained demurrers to

cross-complaints without giving any reason for so holding. These are not necessarily acts of actual prejudice. As heretofore mentioned, the trial judge had passed on contested matters, being, in this case, the demurrers and motions to strike. The affidavits, therefore, were not timely filed and were properly denied by the trial court. Section 1–1801, I.C.; Ex parte Medley, 73 Idaho 474, 253 P.2d 794.

Appellants claim the court erred in refusing to permit them to amend their pleadings so as to remove all equitable portions of the pleadings, requesting the establishment of liens, foreclosure, and attorneys' fees and thus leave only an action of fraud and entitle them to a jury trial.

■ Respondent contends the amendments were properly refused, because they were not verified as required by Rule 74 of the District Court Rules, which requires verification of a proposed amendment, if the original pleading was verified. This rule would not be applicable to these proposed amendments since they were not adding anything new, but were taking part out of the cross-complaints and everything that was left had been verified.

■ Great liberality should be shown in allowing amendments to pleadings in the furtherance of justice between the parties. Section 5–905, I.C.; Hill v. Bice, 65 Idaho 167, 139 P.2d 1010.

■ The Bank could not have been prejudiced by the permitting of the amendments and it was an abuse of discretion and reversible error for the trial court not to permit them. This would then have left a law action on fraud and not an equitable one.

"Where plaintiff joined equitable and legal issues in one action and equitable issue had become academic on date of trial through circumstances beyond control of plaintiff, plaintiff was not barred from demanding jury on remaining cause of action seeking damages at law." Vincent v. Cooperman, 204 Misc. 553, 125 N.Y.S.2d 307.

"Where fraud is properly alleged by one party and denied by the other and evidence as to such issue is conflicting, question is one of fact to be determined by jury under proper instruction." Stapleton v. Holt, 207 Okl. 443, 250 P.2d 451, 452.

See also, 37 C.J.S., Fraud, § 123, p. 448, and 50 C.J.S., Juries, § 16 b, p. 731.

■ In determining the question of whether or not parties are entitled to a trial by jury, courts must look to the ultimate and entire relief sought. The ultimate relief in this case is to recover damages for fraud. Rees v. Gorham, 30 Idaho 207, 164 P. 88; Cleland v. McLaurin, 40 Idaho 371, 232 P. 571.

In the recent case of Farmer v. Loofbourrow, 75 Idaho 88, 267 P.2d 113, 115,

relative to the right of a jury trial, this Court stated:

"The rule in this respect is well set forth in Pomeroy's Equity Jurisprudence, 4th Ed., § 178, and the notes therein, as follows:

" ' * * * Even when the cause of action, based upon a legal right, does involve or present, or is connected with, some particular feature or incident of the same kind as those over which the concurrent jurisdiction ordinarily extends, such as fraud, accounting, and the like, still, if the legal remedy by action and pecuniary judgment for debt or damages would be complete, sufficient, and certain—that is, would do full justice to the litigant parties—in the particular case, the concurrent jurisdiction of equity does not extend to such case. For example, whenever an action at law will furnish an adequate remedy, equity does not assume jurisdiction because an *accounting is demanded or needed;* nor because the case involves or arises from fraud; nor because a contribution is sought from persons jointly indebted; nor even to recover money held in trust, where an action for money had and received will lie.' (Emphasis supplied.)"

We are of the opinion appellants were entitled to a jury trial and the denial of this right, where such right exists under our State Constitution, Art. I, § 7, or statutes, would result in the court exceeding its jurisdiction. Farmer v. Loofbourrow, supra.

■ Appellants contend several errors were made in the admission and exclusion of evidence. In a fraud action, much latitude should be allowed in the admission of evidence tending to show fraud. Even though the evidence itself may not show fraud, it may be one of many circumstances, which, when taken with others, tend to show it. 37 C.J.S., Fraud, §§ 92–104, pp. 390–410.

■ One of the exhibits (Plaintiff's #20), denied admission by the trial court, was the commitment for insurance to Federal Housing Administration. This was error, as this Court in its former opinion, Cooper v. Wesco, supra [73 Idaho 383, 253 P.2d 230], specifically stated:

" * * * This certification not being made to appellants, would not be actionable by them, 37 C.J.S., Fraud, § 36, page 284, but would be pertinent as showing respondent's course of conduct relative to persuading appellants not to file liens and as bearing on respondent's scienter and intent. 37 C.J.S., Fraud, § 23, page 262."

■ The deeds (Plaintiff's Exhibits 21 and 22) showing bank officials personally dealing in the property in the Idaho Falls project, should have been admitted under the above authority. However, these and the other rulings relative to the evidence, standing alone, would not require a reversal.

Fraud is not to be presumed and must be proved by clear and convincing evidence. Nelson v. Hudgel, 23 Idaho 327, 130 P. 85; Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345.

In the prior appeal of this case, we held the cross-complaints of appellants stated causes of action for fraud. Our holding became the law of the case; however, if the evidence does not support the pleadings to such an extent to prove fraud and resulting damage, appellants could not recover. They have the burden of proving damages by a preponderance of the evidence.

"The buyer failed to make out a case for jury on question of automobile seller's fraud in misrepresenting standard selling price of automobile purchased in absence of any evidence of what such price was. Gray v. Wikstrom Motors, 18 Wash.2d 795, 140 P.2d 497.

"It is too well established to require the citation of cases that damage is a requisite element of actionability. It is sufficient to note that it is stated in the leading historic case of Pasley v. Freeman (1789) 3 TR 51, 100 Eng Reprint 450, 12 ERC 235, and repeated in many subsequent cases, that fraud alone, without damage, is not actionable, nor is damage without fraud, but when the two concur, an action lies." 32 A.L.R.2d 226, Fraud, § 23.

"The party seeking damages or relief on the ground of a false representation must show that he has been damaged or prejudiced because of it. If he seeks damages, he must show the amount of his loss." 37 C.J.S., Fraud, § 103, pp. 408–409.

"Negatively framed, the rule as to what constitutes damage, in any case, may broadly be stated to be that there is no damage where the position of the complaining party is no worse than it would be had the alleged fraud not been committed." 23 Am.Jur. 994, Fraud and Deceit, § 175.

"The damages must also be certain, that is, such as can clearly be defined and ascertained." 23 Am.Jur. 995, Fraud and Deceit, § 176.

We are of the opinion appellants have not proved damages as required under the above authorities and, after a careful study of this case, we have decided that neither of them proved any damages whatsoever, either by a preponderance of the evidence, or at all. We are unable to ascertain whether they recovered more or less than they would have if they had filed liens and cause foreclosure and litigation to ensue. It would, therefore, be useless to reverse and remand this case back for a new trial. In re Estate of McVay, 14 Idaho 56, 93 P. 28; Hale v. McCammon Ditch Co., 72 Idaho 478, 244 P.2d 151; Cooper v. Oregon Short Line R. Co., 45 Idaho 313, 262 P. 873; Clark v. Chrishop, 72 Idaho 340, at page 344, 241 P.2d 171.

The judgment of the District Court is affirmed. Costs awarded to respondents.

PORTER, J., concurs.

TAYLOR, Chief Justice, with whom SMITH, Justice, concurs (concurring specially).

I concur in the opinion by Justice ANDERSON, except insofar as it may be possible to glean therefrom an inference that there is evidence in the record of false representations made by the bank officials. Not only does the evidence fail to show damage, it fails to show any false representations were made. As stated in my dissent to the first opinion, Cooper v. Wesco Builders, Inc., 73 Idaho 383, 253 P.2d 226, the only representations which might be considered as such were with reference to the Twin Falls and Idaho Falls projects. Now the proof is in, it appears the Idaho Falls project was in fact prosecuted by the Wesco Builders and the profits therefrom were accounted for and paid into the defendant bank as agreed. The Twin Falls project, not having been commenced as early as that at Idaho Falls, was carried on under the name of Northwestern Construction Company, because of the financial difficulties of the Wesco Builders. However, its profits were likewise accounted for and paid into the defendant bank as agreed.

At the creditors' meetings in September, 1949, and January, 1950, all of the surrounding facts were freely and fully discussed by the plaintiffs, the bank officials, and the officers of the Wesco Builders. No concealment or falsehood is made to appear. On the contrary, it appears that the plaintiffs were fully advised of all pertinent facts and acted upon their own judgment as to the best course for them to pursue. They were advised that $8,000 in pay-roll tax due the government, and $3,000 due numerous small creditors, would have to be paid in order to avoid legal proceedings which would prevent the completion and orderly marketing of the buildings on which they had expended materials and labor. Knowing these facts, they accepted the bank's offer to advance the $11,000, urgently needed to continue the project and to allow the structures to be completed and marketed, in return for their agreement not to file liens. In addition they received title to duplexes, their share in the distribution of available cash, and other benefits, all of which would appear to be greater than they would have received had the government exercised its first lien for taxes, and had the creditors engaged in a mad scramble for what was left, in pursuing their lien rights.

In the light of these facts the statements by the bank's representatives, that they thought there would be enough profit from the Idaho Falls and Twin Falls projects to pay the creditors, were not fraudulent.

BECKWITH, District Judge (concurring specially).

I concur with Chief Justice TAYLOR, except that I do not concur with

the majority opinion in the following respects:

The action was commenced by Helen Cooper to have the court adjudicate the liens of Wassler and Burns filed on her property and for damages and attorneys' fee, which was essentially an equity case, and the defendants, Wassler and Burns, having answered the amended complaint, give the trial court jurisdiction.

The constitutional guarantee of jury trial does not apply to equity cases. Morton v. Morton Realty Co., 41 Idaho 729, 241 P. 1014; Johnson v. Niichels, 48 Idaho 654, 284 P. 840; Brady v. Place, 41 Idaho 747, 242 P. 314, 243 P. 654. Therefore, Wassler and Burns could not demand as a matter of right a trial by jury on the cross-complaint. Johnson v. Niichels, 48 Idaho 654, 284 P. 840; Dover Lumber Co. v. Case, 31 Idaho 276, 170 P. 108; Burke Land & Livestock Co. v. Wells, Fargo & Co., 7 Idaho 42, 60 P. 87; Fogelstrom v. Murphy, 70 Idaho 488, 222 P.2d 1080; Anderson v. Whipple, 71 Idaho 112, 227 P.2d 351. The court having obtained equitable jurisdiction of the case will retain it for all purposes. Johnson v. Niichels, supra, followed in Fogelstrom v. Murphy, supra; Haener v. Albro, 73 Idaho 250, 249 P.2d 919. In such a case the findings of a jury are only advisory. Tomita v. Johnson, 49 Idaho 643, 290 P. 395; Johnson v. Brown, 65 Idaho 359, 144 P.2d 198; Nuquist v. Bauscher, 71 Idaho 89, 227 P.2d 83; 156 A.L.R., annotation 1147, at page 1150. The

denial of the motion for a jury trial by the trial court was not error.

In the prior appeal, Cooper v. Wesco Builders, Inc., 73 Idaho 383, 253 P.2d 226, the court was dealing with pleadings only, and made the determination that the allegations concerning the FHA certificate should not be stricken from the cross-complaint. It did not attempt to determine the materiality of the certificate as evidence on a subsequent trial of the case. Hence, the admissibility of Exhibit "20" would have to be measured by evidence in the case. Mr. Marcus' statement that the form required the mortgagee to certify whether there were any liens or encumbrances against the property, would show the exhibit to be immaterial to the case, because there was no showing by any evidence that any liens or encumbrances were filed against this property prior to the time of the certification for the FHA insurance, and evidence of a creditor's meeting in September, 1949, having been admitted wherein a settlement was made among all of the creditors of Wesco Builders, concerning the Warm Springs Addition, the bank officials' acts in making the certification to the FHA was not material to the issues of the case.

Defendant bank and the Bank of Eastern Idaho are state institutions, and their officers are entitled to borrow money from them. § 26-603 I.C. There is no evidence that the conditions of this section were violated. Likewise, there is no evidence

that the officials whose names appear in the deeds, Exhibits "21" and "22", did not pay the full contract price for the property, including the construction costs of the houses located thereon, described in the deeds, or that they defaulted in their loans in any manner. Further, there is no evidence in the record to show that these bank officials in any manner mislead the cross-complainants in regard to their loans on properties owned by them in Idaho Falls project, hence, the deeds, Exhibits "21" and "22" are immaterial and irrelevant to the case, and the court did not err in denying their admission.

The judgment should be affirmed.